WAYNE WHITE *v.* COMMISSIONER OF CORRECTION
(AC 19117)

Schaller, Mihalakos and Pellegrino, Js.

Submitted on briefs April 3—officially released June 6, 2000

*James A. Shanley, Jr.,* special public defender, filed a brief for the appellant (petitioner).

*Frederick W. Fawcett,* assistant state's attorney, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Wayne White, appeals following the habeas court's denial of his petition for certification to appeal from that court's denial of his petition for a writ of habeas corpus. He claims that the habeas court improperly determined that his trial counsel provided effective assistance.[1] In his amended

---

[1] Following a jury trial, the petitioner was convicted of robbery in the first degree in violation of General Statutes § 53a-134 (a) (4), assault in the third degree in violation of General Statutes § 53a-61 (a) (1), interfering with an officer in violation of General Statutes § 53a-167a (a) and illegal possession of a narcotic substance in violation of General Statutes § 21a-279 (a). The petitioner was sentenced to a total effective sentence of eighteen years, execution suspended after thirteen years with three years of probation. This court affirmed the conviction in *State* v. *White,* 47 Conn. App. 914, 702 A.2d 673 (1997).

petition, the petitioner claims that his trial counsel was ineffective in failing to explain the amount of time the petitioner was likely to serve and his eligibility for parole when trial counsel conveyed plea bargain offers by the state. The habeas court denied the petition and denied the petitioner's request for certification to appeal. Our examination of the record and briefs persuades us that the denial of the petition for certification was proper and the appeal should be dismissed.

In a habeas appeal, although this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary. *Johnson* v. *Commissioner of Correction*, 36 Conn. App. 695, 700, 652 A.2d 1050, cert. denied, 233 Conn. 912, 659 A.2d 183 (1995). For the petitioner to prevail on his claim of ineffective assistance of counsel, he must establish both that his counsel's performance was deficient and that there is a reasonable probability that, but for the counsel's mistakes, the result of the proceeding would have been different. *Strickland* v. *Washington*, 466 U.S. 668, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Bunkley* v. *Commissioner of Correction*, 222 Conn. 444, 445, 610 A.2d 598 (1992). The petitioner has not satisfied this burden.

The habeas court's dismissal of the petition for a writ of habeas corpus was based on a review of the petitioner's claims and its findings that "the petitioner was aware that the robbery charge did fall within the 85 percent requirement of General Statutes § 54-125a (c) for parole and that the seven years to serve was never offered. Therefore, neither could have influenced his decision differently to have taken a plea rather than to finish trial." Accordingly, the habeas court concluded that the petitioner had failed to carry the burden of

proof required to establish that his trial counsel provided ineffective assistance.

After a review of the record and briefs, we conclude that the petitioner has failed to make a substantial showing that he has been denied a state or federal constitutional right and, further, has failed to sustain his burden of persuasion that the denial of certification to appeal was a clear abuse of discretion or that an injustice has been done. See *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994); *Simms* v. *Warden*, 229 Conn. 178, 189, 640 A.2d 601 (1994); *Walker* v. *Commissioner of Correction*, 38 Conn. App. 99, 659 A.2d 195, cert. denied, 234 Conn. 920, 661 A.2d 100 (1995); see also *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991).

We conclude that the habeas court had before it sufficient evidence to find as it did and that it did not abuse its discretion in denying the petition for certification to appeal.

The appeal is dismissed.