RICHARD AUSTIN *v.* COMMISSIONER OF
CORRECTION
(AC 19524)

Schaller, Mihalakos and Zarella, Js.

Submitted on briefs October 18, 2000—officially released January 30, 2001

*James A. Shanley, Jr.*, special public defender, filed a brief for the appellant (petitioner).

*James E. Thomas*, state's attorney, *Mary Elizabeth Baran*, senior assistant state's attorney, and *John A. East III*, assistant state's attorney, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Richard Austin, appeals following the denial by the habeas court of his petition for certification to appeal from the denial of his petition for a writ of habeas corpus. He claims that the habeas court improperly determined that his trial counsel provided effective assistance.[1] In his petition, the petitioner claimed that his trial counsel was ineffective in failing (1) to explain properly the consequences of waiving his right to a probable cause hearing, (2) to investigate properly the criminal case by not interviewing three eyewitnesses, (3) to examine an eyewitness to the shooting for a potential conflict of interest and (4) to request the removal of two jurors because they discussed the case with each other. The habeas court denied the petition and the petitioner's subsequent request for certification to appeal. We dismiss the appeal.

---

[1] Following a jury trial, the petitioner was convicted of murder in violation of General Statutes § 53a-54a (a) and carrying a pistol without a permit in violation of General Statutes § 29-35. The petitioner was sentenced to a total effective sentence of sixty years for the murder charge, to be served concurrently with a five year sentence for the weapons charge. Our Supreme Court affirmed the judgment in *State* v. *Austin*, 244 Conn. 226, 710 A.2d 732 (1998).

"In a habeas appeal, although this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary." *White* v. *Commissioner of Correction*, 58 Conn. App. 169, 170, 752 A.2d 1159 (2000), citing *Johnson* v. *Commissioner of Correction*, 36 Conn. App. 695, 700, 652 A.2d 1050, cert. denied, 233 Conn. 912, 659 A.2d 183 (1995). "Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on its merits." (Citation omitted; internal quotation marks omitted.) *Petaway* v. *Commissioner of Correction*, 49 Conn. App. 75, 77, 712 A.2d 992 (1998).

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Internal quotation marks omitted.) *Reddick* v. *Commissioner of Correction*, 51 Conn. App. 474, 477, 722 A.2d 286 (1999). "For the petitioner to prevail on his claim of ineffective assistance of counsel, he must establish both that his counsel's performance was deficient and that there is a reasonable probability that, but for the counsel's mistakes, the result of the proceeding would have

been different." *White* v. *Commissioner of Correction,* supra, 58 Conn. App. 170, citing *Strickland* v. *Washington,* 466 U.S. 668, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Bunkley* v. *Commissioner of Correction,* 222 Conn. 444, 445, 610 A.2d 598 (1992). In the present case, the petitioner has not established that the habeas court abused its discretion in finding his petition for certification to be "wholly frivolous."

The habeas court's dismissal of the petition for a writ of habeas corpus was based on a review of the petitioner's claims and the court's conclusion that "[t]he petitioner has failed to prove how the result would be different. He has also failed to prove counsel's representation fell below an objective standard of reasonableness. . . . No grounds were produced to have the juror . . . excused. Nor did the petitioner prove how [the witness] might be better cross-examined. The strategy of waiving the hearing in probable cause was obvious since the defense was relying on the defense of extreme emotional disturbance which would not seek to negate intent and therefore would be barred from use in the hearing of probable cause." Accordingly, the habeas court concluded that the petitioner failed to carry the burden of proof required to establish that his trial counsel provided ineffective assistance.

After a review of the record and briefs, we conclude that the petitioner failed to make a substantial showing that he has been denied a state or federal constitutional right. Furthermore, the petitioner has failed to sustain his burden of persuasion that the denial of certification to appeal was a clear abuse of discretion or that an injustice has been done. *Simms* v. *Warden,* supra, 230 Conn. 612; *Simms* v. *Warden,* supra, 229 Conn. 189.

We conclude that the habeas court had before it sufficient evidence to find as it did and that it did not abuse

its discretion in denying the petition for certification to appeal.

The appeal is dismissed.