## ARNOLD PAYNE *v.* COMMISSIONER OF CORRECTION
### (AC 20321)

Landau, Schaller and Mihalakos, Js.

Submitted on briefs January 12—officially released April 3, 2001

*Mary Anne Royle*, special public defender, filed a brief for the appellant (petitioner).

*Michael Dearington*, state's attorney, and *Harry Weller* and *Mary Elizabeth Baran*, senior assistant state's attorneys, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Arnold Payne, appeals following the denial by the habeas court of his petition for certification to appeal from the denial of his petition for a writ of habeas corpus. He claims that the habeas court improperly determined that his trial counsel had provided effective assistance.[1] In his petition, the petitioner claimed that his counsel failed to inform him fully of the direct consequences of his guilty plea. Spe-

---

[1] On April 23, 1998, the trial court accepted the petitioner's plea of guilty to the following four charges: (1) assault in the second degree in violation of General Statutes § 53a-60; (2) risk of injury to a child in violation of General Statutes § 53-21; (3) assault in the third degree in violation of General Statutes § 53a-61; and (4) failure to appear in the first degree in violation of General Statutes § 53a-172. On May 28, 1998, the court imposed a total effective sentence of twenty-seven months of incarceration. The petitioner did not file a direct appeal.

cifically, the petitioner claimed that counsel failed to inform him that he would have to serve 85 percent of his sentence before he would be eligible for parole.[2] The habeas court denied both the petition and the petitioner's subsequent request for certification to appeal. We dismiss the appeal.

"In a habeas appeal, although this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary." *White* v. *Commissioner of Correction*, 58 Conn. App. 169, 170, 752 A.2d 1159 (2000), citing *Johnson* v. *Commissioner of Correction*, 36 Conn. App. 695, 700, 652 A.2d 1050, cert. denied, 233 Conn. 912, 659 A.2d 183 (1995). "Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . Second, if the peti-

---

[2] General Statutes (Rev. to 1997) § 54-125a (b) provides in relevant part: "(1) No person convicted of any of the following offenses, which was committed on or after July 1, 1981, shall be eligible for parole under subsection (a) of this section: Capital felony, as defined in section 53a-54b, felony murder, as defined in section 53a-54c, arson murder, as defined in section 53a-54d, murder, as defined in section 53a-54a, or any offense committed with a firearm, as defined in section 53a-3, in or on, or within one thousand five hundred feet of, the real property comprising a public or private elementary or secondary school. (2) A person convicted of an offense, other than an offense specified in subdivision (1) of this subsection, where the underlying facts and circumstances of the offense involve the use, attempted use or threatened use of physical force against another person shall be ineligible for parole under subsection (a) of this section until such person has served not less than eighty-five per cent of the definite sentence imposed. . . ."

tioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on its merits." (Citation omitted; internal quotation marks omitted.) *Petaway* v. *Commissioner of Correction*, 49 Conn. App. 75, 77, 712 A.2d 992 (1998).

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Internal quotation marks omitted.) *Reddick* v. *Commissioner of Correction*, 51 Conn. App. 474, 477, 722 A.2d 286 (1999). "For the petitioner to prevail on his claim of ineffective assistance of counsel, he must establish both that his counsel's performance was deficient and that there is a reasonable probability that, but for the counsel's mistakes, the result of the proceeding would have been different." *White* v. *Commissioner of Correction*, supra, 58 Conn. App. 170, citing *Strickland* v. *Washington*, 466 U.S. 668, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Bunkley* v. *Commissioner of Correction*, 222 Conn. 444, 445, 610 A.2d 598 (1992).

In the present case, the habeas court based its dismissal of the petition for a writ of habeas corpus on a review of the petitioner's claims and the evidence presented. The petitioner's trial counsel testified that it was his standard practice to inform a defendant that he must serve 85 percent of his sentence before he would be eligible for parole, if in fact that were the case. The petitioner testified that his counsel mistakenly had informed him that he would be eligible for parole after serving only 50 percent of his sentence. In its memorandum of decision, the habeas court credited counsel's testimony and rejected the petitioner's testimony. Accordingly, the habeas court concluded that the petitioner failed to carry the burden of proof required to

establish that his counsel had provided ineffective assistance.

"This court does not retry the case or evaluate the credibility of the witnesses. . . . Rather, we must defer to the [trier of fact's] assessment of the credibility of the witnesses based on its firsthand observation of their conduct, demeanor and attitude. . . . In a case that is tried to the court . . . the judge is the sole arbiter of the credibility of witnesses, and the weight to be given to their specific testimony." (Citations omitted; internal quotation marks omitted.) *Wieler* v. *Commissioner of Correction*, 47 Conn. App. 59, 61, 702 A.2d 1195, cert. denied, 243 Conn. 957, 704 A.2d 806 (1997). Thus, the petitioner cannot successfully challenge the habeas court's decision to credit counsel's testimony and to reject his testimony.

Having reviewed the record and the briefs, we conclude that the petitioner has failed to make a substantial showing that he was denied a state or federal constitutional right. Furthermore, the petitioner has failed to sustain his burden of establishing that the denial of certification to appeal was a clear abuse of discretion or that an injustice has been done. See *Simms* v. *Warden*, supra, 230 Conn. 612; *Simms* v. *Warden*, supra, 229 Conn. 189. Therefore, we conclude that the habeas court had before it sufficient evidence to find as it did and that it did not abuse its discretion in denying the petition for certification to appeal.

The appeal is dismissed.