JEROME PARHAM *v.* COMMISSIONER OF
CORRECTION
(AC 21085)

Foti, Landau and Dranginis, Js.

Submitted on briefs September 12—officially released November 13, 2001

*Sebastian O. DeSantis*, special public defender, filed a brief for the appellant (petitioner).

*Eugene Callahan,* state's attorney, *Nancy Chupak,* assistant state's attorney, and *Brian Sibley,* deputy assistant state's attorney, filed a brief for the appellee (respondent).

PER CURIAM. The petitioner, Jerome Parham, appeals following the denial by the habeas court of his petition for certification to appeal from the dismissal of his petition for a writ of habeas corpus. He claims that the habeas court improperly failed (1) to grant certification for appeal, (2) to find that the trial court did not properly follow the plea agreement and (3) to find that trial counsel was ineffective. We dismiss the appeal.

"In a habeas appeal, although this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary." *White* v. *Commissioner of Correction,* 58 Conn. App. 169, 170, 752 A.2d 1159 (2000), citing *Johnson* v. *Commissioner of Correction,* 36 Conn. App. 695, 700, 652 A.2d 1050, cert. denied, 233 Conn. 912, 659 A.2d 183 (1995).

"Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion. . . . If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits." (Citations omitted.) *Simms* v. *Warden,* 230 Conn. 608, 612, 646 A.2d 126 (1994). "To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a differ-

ent manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . For the petitioner to prevail on his claim of ineffective assistance of counsel, he must establish both that his counsel's performance was deficient and that there is a reasonable probability that, but for the counsel's mistakes, the result of the proceeding would have been different." (Citation omitted; internal quotation marks omitted.) *Payne* v. *Commissioner of Correction*, 62 Conn. App. 583, 585, 772 A.2d 630 (2001); see also *Petaway* v. *Commissioner of Correction*, 49 Conn. App. 75, 77, 712 A.2d 992 (1998).

Here, the habeas court based its dismissal of the petition for a writ of habeas corpus on a review of the petitioner's claims and the evidence presented. The petitioner's trial counsel testified that although he and the petitioner had hoped that the court would allow the petitioner to complete drug treatment and, as a result, not incarcerate the petitioner, the petitioner knew and understood that according to the plea he could have received incarceration up to ten years. In its memorandum of decision, the habeas court credited counsel's testimony and concluded that the petitioner failed to carry the burden of proof required to establish that the court did not properly follow the plea agreement or that his counsel had provided ineffective assistance.

"This court does not retry the case or evaluate the credibility of the witnesses. . . . Rather, we must defer to the [trier of fact's] assessment of the credibility of the witnesses based on its firsthand observation of their conduct, demeanor and attitude. . . . In a case that is tried to the court . . . the judge is the sole arbiter of the credibility of witnesses, and the weight to be given to their specific testimony." (Citations omitted; internal quotation marks omitted.) *Wieler* v. *Commissioner of Correction*, 47 Conn. App. 59, 61, 702 A.2d 1195, cert.

denied, 243 Conn. 957, 704 A.2d 806 (1997). The petitioner, therefore, cannot successfully challenge the habeas court's decision to credit counsel's testimony and to reject his testimony.

After considering the record and briefs, we conclude that the petitioner has failed to make a substantial showing that he was denied a state or federal constitutional right. Furthermore, the petitioner has failed to sustain his burden of establishing that the denial of certification to appeal was a clear abuse of discretion or that an injustice has been done. See *Simms* v. *Warden*, supra, 230 Conn. 612; *Simms* v. *Warden*, 229 Conn. 178, 189, 640 A.2d 601 (1994). We conclude, therefore, that the habeas court had before it sufficient evidence to find as it did and that it did not abuse its discretion in denying the petition for certification to appeal.

The appeal is dismissed.