## CARLOS FIGUEROA *v.* COMMISSIONER
## OF CORRECTION
## (AC 22296)

Lavery, C. J., and Foti and Dupont, Js.

Submitted on briefs October 31—officially released December 31, 2002

*David B. Rozwaski,* special public defender, filed a brief for the appellant (petitioner).

*Paul E. Murray,* state's attorney, *Julia K. Mahoney,* deputy assistant state's attorney, and *John F. Fahey,* assistant state's attorney, filed a brief for the appellee (respondent).

*Opinion*

FOTI, J. The petitioner, Carlos Figueroa, appeals from the judgment of the habeas court denying his petition

for a writ of habeas corpus and his petition for certification to appeal to this court. On appeal, the petitioner claims that the court improperly (1) denied his petition for certification to appeal from the denial of his petition for a writ of habeas corpus and (2) denied his petition for a writ of habeas corpus. We dismiss the appeal.

On January 5, 1993, the jury found the petitioner guilty of sexual assault in the first degree in violation of General Statutes § 53a-70 (a), kidnapping in the first degree in violation of General Statutes § 53a-92 and robbery in the second degree in violation of General Statutes § 53a-135.[1] The petitioner was sentenced to a total effective term of incarceration of twenty years, to be served consecutively to the sentence that he was then serving.

In February, 1993, the petitioner filed a grievance against his trial attorney. The statewide grievance panel dismissed that complaint, finding that there was "no misconduct . . . warranting disciplinary action." On July 16, 1993, the petitioner filed his initial petition seeking habeas corpus relief.[2] On December 30, 1996, the petitioner filed a revised amended petition for a writ of habeas corpus, alleging the ineffective assistance of counsel. Specifically, the petitioner alleged that his counsel's performance was deficient in that counsel did not adequately (1) impeach and cross-examine witnesses presented by the state, (2) investigate the charges and prepare an adequate defense and (3) object to questions asked by the state. The petitioner also claims that counsel failed to seek a jury charge on "an affirmative defense regarding the diligence of the police to charge the petitioner."

[1] The facts of the underlying crimes in this case are set forth in *State* v. *Figueroa*, 235 Conn. 145, 665 A.2d 63 (1995). Because those facts are not relevant to our disposition of this appeal, we do not repeat them here.

[2] The claims alleged in that petition essentially were the same as those presented in the current appeal.

The habeas trial was held on January 4, 2001. The court heard testimony from, among others, the petitioner and his trial counsel. On August 2, 2001, the court denied the revised, amended petition for habeas corpus relief.

"Our standard of review in a habeas corpus proceeding challenging the effective assistance of trial counsel is well settled. Although a habeas court's findings of fact are reviewed under the clearly erroneous standard of review . . . [w]hether the representation a defendant received at trial was constitutionally inadequate is a mixed question of law and fact. . . . As such, that question requires plenary review by this court unfettered by the clearly erroneous standard." (Citation omitted; internal quotation marks omitted.) *Milner* v. *Commissioner of Correction*, 63 Conn. App. 726, 737–38, 779 A.2d 156 (2001).

"Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion. . . . If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits. . . . To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . For the petitioner to prevail on his claim of ineffective assistance of counsel, he must establish both that his counsel's performance was deficient and that there is a reasonable probability that, but for the counsel's mistakes, the result of the proceeding would have been different." (Citation omitted; internal quotation marks omitted.) *Parham* v. *Commissioner*

*of Correction,* 66 Conn. App. 844, 845–46, 786 A.2d 515 (2001), cert. denied, 259 Conn. 912, 791 A.2d 565 (2002).

On the basis of our review of the record, we conclude that the court did not abuse its discretion in denying the petition for certification to appeal. Contrary to the petitioner's assertions, the court found that the trial transcript was replete with objections made by the petitioner's counsel throughout the trial, particularly during the testimony of the state's witnesses. The court also found that the petitioner failed to show that any particular errors made by counsel during cross-examination and impeachment of the state's witnesses were unreasonable or that such errors had any adverse effect on the outcome of the trial.

On appeal, the petitioner's claim regarding the ineffectiveness of counsel's cross-examination of the victim rests entirely on the fact that counsel failed to impeach her testimony that she had identified the petitioner as her assailant from a photographic array by questioning her regarding the omission of that identification from the police report.

With respect to the petitioner's claim that his counsel failed to investigate the charges and to prepare a defense adequately, the habeas court credited counsel's statements that the petitioner was adamant about rejecting the state's proposed plea bargain and relying on an alibi defense. As a consequence, counsel focused mainly on those witnesses at trial. The court also discredited the petitioner's testimony that his counsel did not discuss the adverse impact that the introduction of his prior sexual assault conviction would have on the chance of success at trial. The court found that trial counsel "extensively questioned [the victim] regarding discrepancies in her descriptions of the assailant and the petitioner. These questions focused on physical distinctions such as height differences and different skin

complexions, as well as [the victim's] confusion regarding what officers showed her pictures . . . and her testimony that she did not get a good look at her assailant. The trial court even allowed a side by side comparison of [the victim] and the petitioner that demonstrated the relative heights and sizes to the jury. . . . Trial counsel integrated these discrepancies into his closing arguments, bringing up inconsistencies between [the victim's] descriptions of her assailant and the petitioner's appearance, [the victim's] difficulty in picking out her assailant in the photographic arrays, and the unavailability of police officers and other potential witnesses."

With respect to the petitioner's jury instruction claim, the court found that the statute of limitations was not pleaded as a special defense at trial, but was raised by way of a motion to dismiss. The court found that the petitioner failed to show any prejudice arising from his counsel's strategy in pursuing the motion to dismiss in the manner that he did. On the basis of its review of the record and transcripts in the case and the testimony presented in the habeas hearing, the court concluded that the attorney's actions were reasonable, given all the circumstances, and that his performance at trial was well within the range of reasonably competent professional assistance.

For the foregoing reasons, we conclude that the court did not abuse its discretion in denying the petition for certification to appeal.

The appeal is dismissed.

In this opinion the other judges concurred.