JEAN MARC POLICIER *v.* COMMISSIONER OF
CORRECTION
(AC 22680)

Lavery, C. J., and Bishop and Hennessy, Js.

Submitted on briefs September 19—officially released October 28, 2003

*David B. Rozwaski*, special public defender, filed a brief for the appellant (petitioner).

*Kevin T. Kane*, state's attorney, and *Michael L. Regan*, supervisory assistant state's attorney, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Jean Marc Policier, appeals following the denial by the habeas court of his

petition for certification to appeal from its judgment dismissing his petition for a writ of habeas corpus. On appeal, the petitioner claims that the court improperly determined that his trial counsel had provided effective assistance. Specifically, he argues that his trial counsel was ineffective in failing (1) to communicate properly with the petitioner during pretrial proceedings, (2) to call alibi witnesses requested by the petitioner, (3) to advise him properly of his immigration issues and (4) to advise him properly of the charges against him, thereby rendering his plea involuntary. We dismiss the petitioner's appeal.

The following facts and procedural history are relevant to our resolution of the petitioner's appeal. On December 19, 1997, the petitioner, a citizen of Haiti residing legally in the United States, was arrested and charged with narcotics violations. At the time of his arrest, the petitioner was on probation for a prior offense.[1] Attorney Robin Watkins was appointed as the petitioner's special public defender.

The petitioner initially denied the charges and claimed that he had been arrested due to mistaken identity. On June 3, 1998, Watkins informed the court that the petitioner wanted to exercise his right to a jury trial. A discussion then ensued, and the petitioner subsequently entered a guilty plea, pursuant to the doctrine of *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970), to a charge of having violated General Statutes § 21a-277 (b).[2] The petitioner

---

[1] The prior offense involved a conviction for having a weapon in a motor vehicle, in violation of General Statutes § 29-38. As a result of that conviction, the Immigration and Naturalization Service, pursuant to 8 U.S.C. § 1227 (a) (2) (C), commenced deportation proceedings against the petitioner.

[2] General Statutes § 21a-277 (b) provides in relevant part: "Any person who manufactures, distributes, sells, prescribes, dispenses, compounds, transports with intent to sell or dispense, possesses with intent to sell or dispense, offers, gives or administers to another person any controlled substance, except a narcotic substance, or a hallucinogenic substance other than marijuana, except as authorized in this chapter, may, for the first

also admitted to a violation of his probation, which the court terminated. After a detailed canvass, the court accepted the petitioner's plea. On August 12, 1998, the petitioner was sentenced to ten years imprisonment, execution suspended after three years, followed by a conditional discharge for three years.[3]

"In a habeas appeal, although this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary. . . . Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on its merits. . . .

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . For

offense, be fined not more than twenty-five thousand dollars or be imprisoned not more than seven years or be both fined and imprisoned . . . ."

[3] At the sentencing hearing, the petitioner informed the court that he never sold drugs. Furthermore, in the presentence investigation, the petitioner again raised the issue of mistaken identity. The court stated that it was inclined to give the petitioner a trial. The petitioner, however, stated that he feared a conviction with a longer sentence and refused a jury trial.

the petitioner to prevail on his claim of ineffective assistance of counsel, he must establish both that his counsel's performance was deficient and that there is a reasonable probability that, but for the counsel's mistakes, the result of the proceeding would have been different. *White* v. *Commissioner of Correction*, [58 Conn. App. 169, 170, 752 A.2d 1159 (2000)], citing *Strickland* v. *Washington*, 466 U.S. 668, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984) . . . ." (Citations omitted; internal quotation marks omitted.) *Payne* v. *Commissioner of Correction*, 62 Conn. App. 583, 584–85, 772 A.2d 630 (2001); see also *Austin* v. *Commissioner of Correction*, 61 Conn. App. 547, 549–50, 764 A.2d 1288, cert. denied, 257 Conn. 906, 777 A.2d 686 (2001).

In the present case, the habeas court found that Watkins, upon being appointed to represent the petitioner, examined the petitioner's file from the office of the public defender, and obtained the police report and all other documents contained in the prosecutor's file. She testified that she had reviewed those materials with the petitioner, had met with him six to eight times and that possible defenses were discussed. The court found her testimony to be credible.[4] Furthermore, the court found that the petitioner had failed to provide Watkins with the necessary information to investigate potential witnesses. Additionally, the court found that it was clear from all the evidence that the petitioner was aware of the possibility of deportation. The possibility of deportation was specifically raised during the canvass of the petitioner. Finally, the court found that the petitioner was made fully aware of his decision to plead guilty pursuant to the *Alford* doctrine, particularly in light of

---

[4] "The underlying historical facts found by the habeas court may not be disturbed unless the findings were clearly erroneous. . . . *Historical facts constitute a recital of external events and the credibility of their narrators.*" (Citation omitted; emphasis added; internal quotation marks omitted.) *Duperry* v. *Solnit*, 261 Conn. 309, 318, 803 A.2d 287 (2002).

the thorough and detailed canvass conducted by the trial court.

After thoroughly reviewing the record and briefs, we conclude that the petitioner has failed to make a substantial showing that he has been denied a state or federal constitutional right. Furthermore, the petitioner has failed to sustain his burden of persuasion that the court's denial of his petition for certification to appeal was a clear abuse of discretion or that an injustice has been committed. See *Simms* v. *Warden*, supra, 230 Conn. 612.

The appeal is dismissed.