NATHANIEL FAUST *v.* COMMISSIONER OF
CORRECTION
(AC 24290)

Lavery, C. J., and Schaller and Dranginis, Js.

Submitted on briefs September 16—officially released October 26, 2004

*Todd A. Bussert*, special public defender, filed a brief for the appellant (petitioner).

*James M. Ralls*, assistant state's attorney, and *Angela R. Macchiarulo*, assistant state's attorney, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Nathaniel Faust, appeals following the denial by the habeas court of his petition for certification to appeal from its judgment dismissing his petition for a writ of habeas corpus. On appeal, the petitioner claims that the court improperly determined that his trial counsel had provided effective assistance. The petitioner argues that his trial counsel was ineffective in failing (1) to investigate his case, (2) to call certain witnesses and (3) to advise him properly with respect to the decision to proceed with his trial.[1] We dismiss the petitioner's appeal.

The following facts and procedural history are relevant to our discussion. On April 21, 1993, the petitioner was an inmate at Garner correctional institution (institution). On that date, as the petitioner and other inmates were returning to their cells after dinner, a riot occurred at the institution. As a result of this incident, the peti-

---

[1] In his petition for certification, the petitioner presented three grounds for appeal: (1) the court improperly denied the petition for a writ of habeas corpus, (2) the court failed to issue writs of habeas corpus ad testificandum for three witnesses and (3) the court refused to grant a continuance to obtain additional prison records and logs. With respect to the issue of the continuance, we note that the record reveals that the petitioner never requested a continuance at the habeas proceeding. Furthermore, the court noted that even if the three witnesses had testified, the result would have been the same because the petitioner's trial counsel considered having them testify and made a strategic decision not to call them as witnesses. Thus, we conclude that the court did not abuse its discretion in denying the petition for certification to appeal on these grounds.

tioner was charged with assault of an employee of the department of correction and rioting at a correctional institution. Michael Courtney, an assistant public defender, represented the petitioner. After a trial, the jury found the petitioner guilty of rioting at a correctional institution. On March 10, 1995, the trial court sentenced the petitioner to a term of fifteen years incarceration, to run consecutive to the sentence he currently was serving. That conviction was affirmed on direct appeal. See *State* v. *Faust*, 237 Conn. 454, 678 A.2d 910 (1996).

"In a habeas appeal, although this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary. . . . Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on its merits. . . .

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . For the petitioner to prevail on his claim of ineffective assistance of counsel, he must establish both that his coun-

sel's performance was deficient and that there is a reasonable probability that, but for the counsel's mistakes, the result of the proceeding would have been different. *White* v. *Commissioner of Correction*, [58 Conn. App. 169, 170, 752 A.2d 1159 (2000)], citing *Strickland* v. *Washington*, 466 U.S. 668, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984) . . . ." (Internal quotation marks omitted.) *Policier* v. *Commissioner of Correction*, 80 Conn. App. 66, 68–69, 832 A.2d 1207 (2003).

In the present case, Courtney testified that, at the time of the petitioner's criminal trial, he had been practicing criminal law for approximately ten years and that he spoke to everyone who was willing to discuss the riot, including correctional officers and inmates. He toured the institution with the warden and reviewed all of the police reports with the petitioner. Courtney also discussed the elements of the crime of rioting at a correctional institution with the petitioner. Prior to trial, Courtney recommended that the petitioner accept the plea bargain offered by the state of thirteen months incarceration. The petitioner, however, replied that he wanted to proceed to trial against his attorney's advice. During trial, Courtney made the strategic decision not to have certain inmates, who were convicted felons, testify because, in his professional opinion, both the petitioner and one of the correctional officers were "powerful" witnesses.

The habeas court observed that, in this case, the claim of ineffective assistance of counsel should be considered in light of the fact that the petitioner was acquitted of the charge of assaulting a correctional officer. The court explicitly found Courtney's testimony to be credible and concluded that the petitioner failed to prove ineffective assistance of counsel under either prong of the *Strickland* test.

After thoroughly reviewing the record and briefs, we conclude that the petitioner has failed to make a sub-

stantial showing that he has been denied a state or federal constitutional right. Furthermore, the petitioner has failed to sustain his burden of persuasion that the court's denial of his petition for certification to appeal was a clear abuse of discretion or that an injustice has been committed. See *Simms* v. *Warden*, supra, 230 Conn. 612.

The appeal is dismissed.