## KEITH E. JOHNSON *v.* COMMISSIONER OF CORRECTION
### (AC 25980)

Schaller, McLachlan and Harper, Js.

Submitted on briefs January 13—officially released March 28, 2006

*Michael Zariphes*, special public defender, filed a brief for the appellant (petitioner).

*James E. Thomas*, state's attorney, *Sarah Hanna*, special deputy assistant state's attorney, and *Jo Anne Sulik*, assistant state's attorney, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Keith E. Johnson, appeals following the denial of his petition for certification to appeal from the judgment denying his petition for a writ of habeas corpus. On appeal, the petitioner claims that the court abused its discretion when it denied his petition for certification to appeal. We dismiss the appeal.

The petitioner was charged with and convicted of attempt to commit robbery in the first degree, conspiracy to commit robbery in the first degree, attempt to commit burglary, conspiracy to commit burglary in the first degree and assault in the second degree. He was sentenced to a total effective term of twenty-four years imprisonment, execution suspended after fourteen

years, followed by five years of probation. The petitioner's conviction was upheld by this court in *State* v. *Johnson*, 83 Conn. App. 319, 848 A.2d 1271 (2004).

The petitioner subsequently filed an amended petition for a writ of habeas corpus, alleging that his trial counsel rendered ineffective assistance of counsel and that he was denied due process of law. Specifically, the petitioner alleged that counsel failed to ensure that there had been an accurate translation of a witness' testimony from Spanish to English, failed to protect a venireperson from hearing an allegedly prejudicial remark made by the trial judge during a sidebar conference, failed to cross-examine several witnesses adequately, failed to ensure that two of the state's witnesses had adhered to a sequestration order and failed to object to proposed jury instructions, as well as to the general instructional movie shown to all prospective jurors. In a well reasoned memorandum of decision, the court concluded that the petitioner could not satisfy the requirements set forth in *Strickland* v. *Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), which requires that the petitioner demonstrate both that counsel's performance was deficient and that the deficient performance prejudiced the defense. Id., 687.

"In a habeas appeal, although this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary. . . . Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate

that the denial of his petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on its merits. . . .

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Internal quotation marks omitted.) *Faust* v. *Commissioner of Correction*, 85 Conn. App. 719, 721, 858 A.2d 853, cert. denied, 272 Conn. 909, 863 A.2d 701 (2004).

After thoroughly reviewing the record and briefs, as well as the court's resolution of the issues presented in the petition for a writ of habeas corpus, we are not persuaded that the issues raised in the petition for certification to appeal are debatable among jurists of reason, that a court could resolve those issues differently or that the questions raised deserve encouragement to proceed further. Consequently, the petitioner has failed to demonstrate that the court abused its discretion in denying his petition for certification to appeal. See *Simms* v. *Warden*, supra, 230 Conn. 612.

The appeal is dismissed.