## CARLYLE HERRING *v.* COMMISSIONER OF CORRECTION
### (AC 26795)

DiPentima, McLachlan and Dupont, Js.

Argued April 24—officially released August 28, 2007

---

*Martha Brooke Hansen*, special public defender, for the appellant (petitioner).

*Marjorie Allen Dauster*, senior assistant state's attorney, with whom, on the brief, was *Linda N. Howe*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Carlyle Herring, appeals following the habeas court's denial of his petition for certification to appeal from the judgment denying his petition for a writ of habeas corpus. The petitioner claims that the court (1) abused its discretion in failing to grant certification to appeal and (2) improperly rejected his claim that his trial counsel, Donald D. Dakers, rendered ineffective assistance. Specifically, the petitioner argues that the court improperly concluded that he was informed adequately of a plea offer and the consequences of failing to accept the plea offer within a reasonable time.[1] We dismiss the appeal.

The following factual and procedural history is relevant to the petitioner's appeal. The petitioner was charged with felony murder in violation of General Statutes § 53a-54c, conspiracy to commit robbery in the first degree in violation of General Statutes §§ 53a-48

---

[1] The petitioner also asserts in his appellate brief that "as a consequence of being underinformed [about the state's plea offer], it is unclear whether his [later] plea [of guilty] was knowing, intelligent and voluntary . . . ." Even if we assume, only for the limited purpose of addressing this assertion, that counsel provided inadequate information regarding an earlier plea offer, the petitioner has failed to provide any authority demonstrating that this assertion, alone, undermines the voluntariness of a later plea. We decline to review this issue.

(a) and 53a-134 (a) (2), robbery in the first degree in violation of General Statutes § 53-134 (a) (2), assault in the first degree in violation of General Statutes § 53a-59 (a) (5) and carrying a pistol without a permit in violation of General Statutes § 29-35. At some point prior to January 27, 1998, the state offered the petitioner the opportunity to plead guilty to manslaughter only, in exchange for truthfully testifying at the trial of his alleged coconspirator, James Griffin. The petitioner did not agree to testify at the time of the offer. On the eve of the petitioner's trial, however, the state made a subsequent offer, which the petitioner accepted. On January 27, 1998, the petitioner pleaded guilty to felony murder committed during the course of a robbery, conspiracy to commit a robbery and assault in the first degree. On November 6, 1998, the court, *Damiani, J.*, after having considered that the petitioner truthfully testified at the Griffin trial, sentenced the petitioner to a total effective term of twenty-five years imprisonment. After the court announced the sentence, it engaged in a colloquy with the defense counsel, from which the following is excerpted:

"[Defense Counsel]: Just, Your Honor, I wish this young man had taken my advice earlier, prior to [a subsequent prosecutor] coming in. I think that's probably true—what's true with the codefendant is also true with this defendant, and I would ask—

"The Court: They both should have listened to their lawyers.

"[Defense Counsel]: You are right.

"The Court: What was he at? Eighteen on a manslaughter or something. That other was eight years on a conspiracy for robbery.

"[Defense Counsel]: You are absolutely right.

"The Court: Now, he's doing twenty-five. No parole. No good time. The other kid is doing forty-five, no parole, no good time."

The petitioner filed an amended petition for a writ of habeas corpus on July 26, 2004, claiming ineffective assistance of counsel. The petitioner conceded to the habeas court, *Fuger, J.*, that Dakers had informed him of the state's offer to plead guilty to manslaughter, but argued that Dakers never informed him that the state offered an eighteen year sentence. The court, after hearing the testimony of Dakers and the petitioner, concluded that "the court cannot find that there was [a specific offer of eighteen years] made by the state." The court further found that Dakers had engaged in "substantial communications with [the petitioner] about pleading to manslaughter." The court later denied the petition for certification to appeal. The petitioner now appeals from the judgment denying his petition for a writ of habeas corpus pursuant to *Simms* v. *Warden*, 229 Conn. 178, 186–89, 640 A.2d 601 (1994).

When the habeas court denies a petition for certification to review its judgment, a petitioner seeking review must first demonstrate that the court abused its discretion in denying the petition. *Fernandez* v. *Commissioner of Correction*, 96 Conn. App. 251, 261, 900 A.2d 54, cert. denied, 280 Conn. 908, 907 A.2d 89 (2006). To prove an abuse of discretion, the petitioner must demonstrate that the resolution of the underlying claim involves issues that are debatable among jurists of reason, that a court could resolve the issues in a different manner or that the questions are adequate to deserve encouragement to proceed further. Id., 261–62. To prove a claim of ineffective assistance of counsel, a petitioner must show that his counsel's performance was deficient and that this deficiency was prejudicial. Id., 262; see also *Strickland* v. *Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). "[O]ur review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary." (Internal quotation marks omitted.) *Fernandez* v. *Commissioner of*

*Correction,* supra, 262. Our standard to review the court's findings of underlying fact, however, is the familiar clearly erroneous standard. See *Festo* v. *Luckart,* 191 Conn. 622, 635, 469 A.2d 1181 (1983). Generally, this court "does not retry the case or evaluate the credibility of the witnesses." (Internal quotation marks omitted.) *Payne* v. *Commissioner of Correction,* 62 Conn. App. 583, 586, 772 A.2d 630 (2001).

The petitioner primarily argues that the court's finding that there was never any offer of an eighteen year sentence was clearly erroneous.[2] We disagree.

The petitioner asserts that because the sentencing court asked, "What was he at? Eighteen [years] on a manslaughter [charge] or something," the habeas court's finding that there was no offer for eighteen years was clearly erroneous. The petitioner did not provide any evidence to the habeas court, however, that the sentencing court knew or could have known whether Dakers was informed of such an offer. The petitioner failed to offer any other evidence that such an offer was communicated to his trial counsel. Additionally, Dakers testified that the state's general practice is to avoid offering specific sentence terms and that he had no recollection of the state's varying from that practice in this case. We conclude that the habeas court's finding was not clearly erroneous.

The petitioner also argues that even if there were no specific offer of eighteen years, the court abused its discretion in determining that he had been informed adequately of the state's offer to allow him to plead guilty to manslaughter and the possibility of the state's

---

[2] To the extent that the petitioner argues that his appeal should go forward because the court could have weighed the witnesses' credibility differently, we decline to review the petitioner's arguments. As an appellate court, we do not weigh credibility. *Payne* v. *Commissioner of Correction,* supra, 62 Conn. App. 586; see *Sanders* v. *Commissioner of Correction,* 83 Conn. App. 543, 550, 851 A.2d 313, cert. denied, 271 Conn. 914, 859 A.2d 569 (2004).

withdrawing that offer if it was not timely accepted. The petitioner primarily relies on *Sanders* v. *Commissioner of Correction*, 83 Conn. App. 543, 851 A.2d 313, cert. denied, 271 Conn. 914, 859 A.2d 569 (2004). The habeas court in that case credited the testimony of the petitioner, who had declined a plea offer and proceeded to trial, that his defense counsel had not told him of various witnesses who were prepared to testify at his trial, nor the likely result if the petitioner proceeded to trial. Id., 549. From these facts, the habeas court concluded that defense counsel had not meaningfully explained the plea offer. On the basis of the testimony credited by the habeas court, this court agreed.

Here, in contrast, the court found that Dakers had engaged in substantial communication with and encouraged the petitioner to accept the state's offer, and that Dakers both communicated to the petitioner the consequences of not pleading guilty to manslaughter and of the need to accept the offer promptly.[3] After reviewing the record, we conclude that the court did not abuse its discretion in determining that Dakers adequately informed the petitioner of the offer and the consequences of not accepting it.

After having reviewed the record, we conclude that on the basis of the facts properly found by the habeas court, the issue of whether Dakers provided effective assistance is not debatable among jurists of reason, the issues could not have been determined in a different manner and the issues posed do not deserve encouragement to proceed further. Therefore, we conclude that

---

[3] Dakers testified, among other things, that "there definitely came a time when I said to him, 'you either take this manslaughter and testify or all deals are going to be off.'" Further, the respondent, the commissioner of correction, asked Dakers: "[W]ould it be fair to say that you made strenuous efforts to get [the petitioner] to cooperate with the state, and he was not willing to do so in an affirmative enough fashion to result in a plea bargain prior to the one that was struck on the eve of trial?" Dakers answered: "That's true."

the court did not abuse its discretion in denying the petition for certification to appeal.

The appeal is dismissed.