JUAN MALDONADO *v.* COMMISSIONER OF
CORRECTION
(AC 33853)

DiPentima, C. J., and Bear and Espinosa, Js.*

---

\* The listing of judges reflects their seniority status on this court as of the date of oral argument.

456

Argued December 7, 2012—officially released March 19, 2013

*Gwendolyn S. Bishop,* assigned counsel, for the appellant (petitioner).

*Sarah Hanna,* assistant state's attorney, with whom, on the brief, were *Gail P. Hardy,* state's attorney, *Erika L. Brookman,* assistant state's attorney, for the appellee (respondent).

*Opinion*

DiPENTIMA, C. J. The petitioner, Juan Maldonado, appeals from the judgment of the habeas court denying his petition for certification to appeal the denial of his

petition for a writ of habeas corpus. The petitioner claims that the habeas court abused its discretion in denying the petition for certification and erred in concluding that neither his trial counsel nor his previous habeas counsel provided him ineffective assistance as to trial counsel's failure to move for a competency hearing. We conclude that the habeas court did not abuse its discretion in denying the petition for certification and therefore dismiss the appeal.

The following facts were found by the three judge panel in the petitioner's criminal trial. On July 29, 1994, the petitioner had an argument with his girlfriend, Marisol Santiago, with whom he shared an apartment in Hartford. The petitioner suspected that Santiago was having an affair with Armando Rivero, who owned a grocery store located on the ground floor of the petitioner's apartment building, and the two argued about his suspicions. The petitioner told Santiago that a Ouija board had revealed to him that he should kill Rivero; the petitioner then attacked Santiago, punching her in the face and threatening her with a kitchen knife. The petitioner and Santiago struggled, and Santiago was able to grab the knife away from the petitioner. During the struggle, Santiago gripped the blade in defense, causing severe injury to her hand, which required stitches. The petitioner left the apartment and retrieved a sawed-off shotgun that he had concealed in a building near his apartment. The petitioner brought the shotgun into the grocery store; Rivero saw the petitioner and attempted to flee, but the petitioner pursued him. The petitioner shot Rivero once, then reloaded and shot him twice more in the head. The petitioner told Rivero that he fatally shot him so that Rivero could no longer "screw around with women." After shooting Rivero, the petitioner arranged to leave Connecticut to live in New Jersey.

The petitioner was arrested in January, 1995. He was charged with murder in violation of General Statutes § 53a-54a, possession of a sawed-off shotgun in violation of General Statutes § 53a-211 and assault in the second degree in violation of General Statutes § 53a-60. *State* v. *Maldonado*, 51 Conn. App. 702, 703, 725 A.2d 962, cert. denied, 249 Conn. 904, 733 A.2d 224 (1999).

At trial, the petitioner presented evidence of his affirmative defense of lack of capacity due to mental disease or defect pursuant to General Statutes § 53a-13 (a). Trial counsel introduced medical reports by Donald R. Grayson and Peter M. Zeman, both of whom are psychiatrists. Both doctors conducted psychiatric evaluations of the petitioner and both concluded that the petitioner was a "paranoid schizophrenic [and] in a psychotic state at the time of his actions . . . ." In both evaluations, the petitioner claimed to have auditory and visual hallucinations, in which he saw a "shadow man" named "Ramon" and a dog named "Pelucci." Further, in both interviews, he expressed his belief that Rivero was "Ramon" and, in his interview with Zeman, he stated that he killed Rivero because "Ramon was the shadow man. He said he wanted to take my life, to take my spirit, and put his spirit in my body." In his statement to the police on the day of his arrest, the petitioner stated that he knew his girlfriend was "going out" with Rivero and that, after arguing with his girlfriend and punching her in the head, the petitioner went to the grocery store and shot Rivero because he thought Rivero was going to shoot him. A medical report from Hartford Hospital was introduced into evidence, which concluded that the petitioner's actions on the night of the shooting were attributable to the consumption of alcohol and drugs. Both Grayson and Zeman testified that the petitioner's description of "Ramon" was "self-serving" and both psychiatrists agreed that hallucinations and paranoia such as that described by the petitioner could have occurred as a result of cocaine abuse.

The petitioner was convicted of all charges and received a total effective sentence of fifty-five years imprisonment.

The petitioner appealed his conviction, claiming that the trial court abused its discretion in denying his motion for a presentence psychiatric examination under General Statutes § 17a-566. The judgment was affirmed. See State v. Maldonado, supra, 51 Conn. App. 702. In 1999, the petitioner filed his first habeas petition, in which he alleged that his trial counsel rendered ineffective assistance by failing to raise a defense of extreme emotional distress and by failing to move to suppress his confession. Maldonado v. Warden, Superior Court, judicial district of New Haven, Docket No. 0429143 (December 30, 2002). The petition was denied, and that denial was affirmed by this court. See Maldonado v. Commissioner of Correction, 80 Conn. App. 908, 838 A.2d 258 (2003).

In the present petition, the second habeas petition as amended in January, 2011, the petitioner again alleged ineffective assistance by trial counsel and added ineffective assistance claims against both his appellate counsel in his direct appeal and against his first habeas counsel (habeas counsel). By memorandum of decision dated August 5, 2011, the habeas court denied the amended petition.

In its memorandum, the court dismissed the petitioner's claim of ineffective assistance of trial counsel and denied the petitioner's claim of ineffective assistance of habeas counsel.[1] As to the first claim, the court noted that the petitioner had raised ineffective assistance of

---

[1] The petitioner also alleged that his appellate counsel in his direct appeal rendered ineffective assistance. The court concluded that appellate counsel exercised sound professional judgment in deciding not to raise a claim of insufficiency of the evidence in that appeal. The efficacy of appellate counsel's performance is not at issue in the present appeal.

trial counsel in his first habeas petition and concluded that the claim in the present petition was not based on facts or evidence "not reasonably available at the time of the prior [habeas] petition." (Internal quotation marks omitted.) As to the second claim, the habeas court determined that the facts of the case did not support the petitioner's claim of ineffective assistance of habeas counsel. The habeas court denied the petition for certification to appeal. This appeal followed.

In this appeal, the petitioner claims that the habeas court erred in denying his petition for certification to appeal because his right to effective assistance of counsel was violated when (1) trial counsel failed to move for a competency hearing and (2) habeas counsel failed to raise the issue of ineffective assistance of trial counsel in his first habeas proceeding. The respondent argues that the petitioner failed to show that the habeas court abused its discretion because the petitioner's claim of ineffective assistance as to trial counsel is barred and there is no evidence to support the petitioner's claim as to habeas counsel. We agree with the respondent.

"[A]s a prerequisite to plenary appellate review of the merits of the dismissal of a habeas corpus petition, a petitioner who is denied a timely request for certification to appeal must demonstrate that the denial of certification was an abuse of discretion." *Simms* v. *Warden*, 230 Conn. 608, 615, 646 A.2d 126 (1994); see also *Policier* v. *Commissioner of Correction*, 80 Conn. App. 66, 68, 832 A.2d 1207 (2003) ("[A] petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying [a] two-pronged test . . . . First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas

court should be reversed on its merits." [Citation omitted; internal quotation marks omitted.]). "In determining whether the habeas court abused its discretion in denying the petitioner's request for certification, we necessarily must consider the merits of the petitioner's underlying claims to determine whether the habeas court reasonably determined that the petitioner's appeal was frivolous." (Internal quotation marks omitted.) *Castonguay* v. *Commissioner of Correction*, 300 Conn. 649, 658, 16 A.3d 676 (2011). "[T]he mere allegation of a violation of a constitutional right is insufficient to meet the initial hurdle of proving an abuse of discretion when the habeas corpus court has denied certification to appeal." *Petaway* v. *Commissioner of Correction*, 49 Conn. App. 75, 77–78, 712 A.2d 992 (1998). A petitioner claiming abuse of discretion must "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Internal quotation marks omitted.) *Castonguay* v. *Commissioner of Correction*, supra, 657.

I

The petitioner first argues that the court improperly rejected his claim of ineffective assistance of trial counsel because the claim was not raised in his first habeas petition. We disagree.

Citing *McClendon v. Commissioner of Correction*, 93 Conn. App. 228, 888 A.2d 183, cert. denied, 277 Conn. 917, 895 A.2d 789 (2006), the court dismissed this count, noting that "the adding of new specifications of ineffective assistance is insufficient to state a new legal ground different from that raised by the previous habeas petition which was unsuccessful." Practice Book § 23-29 states in relevant part that "[t]he judicial authority may, at any time, upon its own motion or upon motion of the

respondent, dismiss the petition, or any count thereof, if it determines that . . . (3) the petition presents the same ground as a prior petition previously denied and fails to state new facts or to proffer new evidence not reasonably available at the time of the prior petition . . . ." "[T]he fact that both petitions [are] based on the legal ground that the petitioner was denied the effective assistance of counsel in his criminal trial alone is not fatal to the petitioner's second petition. . . . But where successive petitions are premised on the same legal grounds and seek the same relief, the second petition will not survive a motion to dismiss unless the petition is supported by allegations and facts not reasonably available to the petitioner at the time of the original petition." (Citation omitted.) *McClendon* v. *Commissioner of Correction,* supra, 231.

Here, the petitioner's claim of ineffective assistance of trial counsel is supported by facts that were reasonably available at the time of his first habeas petition.[2] Further, his current petition seeks the same relief as did his first petition.[3] In his first petition, the petitioner claimed ineffective assistance of trial counsel because trial counsel failed to pursue an extreme emotional disturbance defense. In the present petition, the petitioner claimed ineffective assistance of trial counsel because trial counsel failed to move for a competency evaluation. It is clear that the issue of the petitioner's mental health has been present at every stage of the petitioner's criminal trial and two habeas actions. The petitioner has not argued that there is new information in the present habeas petition that was not available at the time of his first habeas petition or at his criminal

[2] The petitioner argued that he had a lengthy mental health history and continued to have mental health issues throughout the pendency of his criminal trial.

[3] Both petitions requested that the petitioner's conviction be vacated and that his case be returned to the trial court for further proceedings.

trial. To the contrary, the petitioner has emphasized that trial counsel had knowledge of the petitioner's mental state and that the petitioner's psychoses were "continuing and ongoing" at the time of his first habeas petition.

The petitioner further argues that, because he claimed in the present petition that habeas counsel was ineffective for failing to raise the question of trial counsel's ineffectiveness, this court must reach the issue of whether trial counsel was ineffective. That is not the case. "To succeed in [a] bid for a writ of habeas corpus, the petitioner must prove both (1) that his appointed habeas counsel was ineffective and (2) that his trial counsel was ineffective." (Internal quotation marks omitted.) *Harris* v. *Commissioner of Correction*, 126 Conn. App. 453, 457, 11 A.3d 730, cert. denied, 300 Conn. 392, 17 A.3d 69 (2011). This standard holds a petitioner to a higher standard when claiming ineffective assistance of habeas counsel; it does not require this court to hear improperly raised issues. Because both trial counsel and habeas counsel referenced the petitioner's mental state at the time of the original proceedings, the court did not err in concluding that information regarding the petitioner's mental state was "readily available" to the habeas counsel and that, therefore, his claim in the present petition is not based on new facts. Accordingly, this claim fails.

II

We next turn to the petitioner's claim of ineffective assistance of habeas counsel. The petitioner argues that habeas counsel was ineffective because he did not raise the issue of trial counsel's failure to request a competency hearing. The habeas court concluded that the evidence did not support the petitioner's claim that habeas counsel was ineffective. We agree with the habeas court.

There was significant evidence supporting the habeas court's conclusion that habeas counsel was not ineffective in this regard. The petitioner's trial, appellate and habeas counsel all testified that they believed the petitioner to be capable of understanding the nature of the criminal proceedings against him and of assisting his attorneys in his defense. See General Statutes § 54-56d. Trial counsel testified at the habeas proceeding: "[T]here was nothing about my interactions or the interactions of [the petitioner] with anybody on my staff or any of the people he interacted with that would lead me to conclude, number one, that he was unable to assist me and—during trial and before trial—and there was nothing about our interactions that led me to believe that he didn't understand what the charges were and what the court procedures would be . . . ." Habeas counsel testified: "When I met [the petitioner], he was doing very well. . . . He's a very bright man— very helpful. So from my standpoint, he was very competent while I was dealing with him. . . . I assume that [trial counsel] did what he believed was necessary, so I did not question the competence [of the petitioner] at trial. . . . [T]o my understanding, there was no indication that [the petitioner] was incompetent to appear at trial."

The habeas court concluded that "there is simply no evidence to support" the petitioner's claim of ineffective assistance of habeas counsel, and it was entirely within the habeas court's purview so to conclude. "The habeas judge, as the trier of facts, is the sole arbiter of the credibility of witnesses and the weight to be given to their testimony." (Internal quotation marks omitted.) *Small* v. *Commissioner of Correction*, 286 Conn. 707, 717, 946 A.2d 1203, cert. denied, 555 U.S. 975, 129 S. Ct. 481, 172 L. Ed. 2d 336 (2008). "This court does not retry the case or evaluate the credibility of the witnesses. . . . Rather, we must defer to the [trier of

fact's] assessment of the credibility of the witnesses . . . ." (Internal quotation marks omitted.) *Greene* v. *Commissioner of Correction*, 96 Conn. App. 854, 857, 902 A.2d 701, cert. denied, 280 Conn. 916, 908 A.2d 536 (2006).

We conclude that the habeas court properly dismissed the petitioner's claim of ineffective assistance of trial counsel and properly determined that there was no evidentiary support for the petitioner's claim of ineffective assistance of habeas counsel. The petitioner has failed to establish that the issues he raised are debatable among jurists of reason, that a court could have resolved the issues in a different manner or that the questions he raised are adequate to deserve encouragement to proceed further. See *Castonguay* v. *Commissioner of Correction*, supra, 300 Conn. 666. Consequently, the habeas court did not abuse its discretion in denying the petition for certification to appeal.

The appeal is dismissed.

In this opinion the other judges concurred.