## LENNARD TOCCALINE *v.* COMMISSIONER OF CORRECTION
### (AC 30377)

Flynn, C. J., and DiPentima and Stoughton, Js.

Argued December 10, 2009—officially released February 23, 2010

*Joseph Visone*, special public defender, for the appellant (petitioner).

*Robert J. Scheinblum*, senior assistant state's attorney, with whom, on the brief, were *Patricia M. Froehlich*, state's attorney, and *Jo Anne Sulik*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

FLYNN, C. J. In this "habeas on a habeas," the petitioner, Lennard Toccaline, appeals from the judgment of the habeas court denying his petition for a writ of habeas corpus. On appeal, the petitioner claims that the court improperly (1) concluded that the petitioner had failed to prove that his prior habeas counsel was ineffective and (2) denied the petitioner a commission to depose the victim. We affirm the judgment of the habeas court.

In the underlying criminal matter, the state charged the petitioner in a two part information. In the first part of the information, the state charged the petitioner with one count of sexual assault in the first degree, two counts of sexual assault in the fourth degree and three counts of risk of injury to a child. In the second part of the information, the state charged the petitioner with being a persistent dangerous felony offender. The jury found the petitioner guilty of one count each of sexual assault in the first degree and sexual assault in the fourth degree, and three counts of risk of injury to a child. Following a trial to the court on the second part

of the information, the court found the petitioner guilty of being a persistent dangerous felony offender on the basis of his 1982 conviction of sexual assault in the first degree. The court then sentenced the petitioner to forty years incarceration, execution suspended after twenty-five years, with ten years of probation. Our Supreme Court upheld the conviction on direct appeal. See *State* v. *Toccaline*, 258 Conn. 542, 783 A.2d 450 (2001).

Following the unsuccessful appeal of his conviction, the petitioner brought his first petition for a writ of habeas corpus, claiming actual innocence and that both his criminal trial counsel and his appellate counsel in his direct appeal provided ineffective assistance. The court, *Hon. Richard M. Rittenband,* judge trial referee, granted the petition on the ground that both trial and appellate counsel were ineffective, entitling the petitioner to a new trial. *Toccaline* v. *Commissioner of Correction,* 80 Conn. App. 792, 797, 837 A.2d 849, cert. denied, 268 Conn. 907, 845 A.2d 413, cert. denied sub nom. *Toccaline* v. *Lantz,* 543 U.S. 854, 125 S. Ct. 301, 160 L. Ed. 2d 90 (2004). The respondent, the commissioner of correction, appealed from that judgment, and this court reversed Judge Rittenband's decision and remanded the case with direction to render judgment dismissing the petition. Id., 820. The petitioner thereafter brought another petition for a writ of habeas corpus, claiming that his prior habeas counsel was ineffective. Following a two day habeas trial, the court, *Schuman, J.,* rendered judgment denying the petition.[1] It then granted the petitioner's request for certification to appeal. This appeal followed.

On appeal, the petitioner claims that the court improperly concluded that he had failed to prove that

[1] The petitioner also had alleged a claim of actual innocence. The court dismissed that claim on the ground of res judicata. That dismissal is not challenged on appeal.

his prior habeas counsel was ineffective and that the court acted improperly in denying him a commission to depose the victim in the underlying criminal matter. We will consider each claim in turn.

"The habeas court is afforded broad discretion in making its factual findings, and those findings will not be disturbed unless they are clearly erroneous. . . . The application of the habeas court's factual findings to the pertinent legal standard, however, presents a mixed question of law and fact, which is subject to plenary review. . . .

"A criminal defendant is constitutionally entitled to adequate and effective assistance of counsel at all critical stages of criminal proceedings. . . . This right arises under the sixth and fourteenth amendments to the United States constitution and article first, § 8, of the Connecticut constitution. . . . As enunciated in *Strickland* v. *Washington*, [466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), our Supreme Court] has stated: It is axiomatic that the right to counsel is the right to the effective assistance of counsel. . . . A claim of ineffective assistance of counsel consists of two components: a performance prong and a prejudice prong. To satisfy the performance prong . . . the petitioner must demonstrate that his attorney's representation was not reasonably competent or within the range of competence displayed by lawyers with ordinary training and skill in the criminal law. . . . To satisfy the prejudice prong, a claimant must demonstrate that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. . . . The claim will succeed only if both prongs are satisfied. . . . [A] reviewing court can find against a petitioner on either ground, whichever is easier." (Citation omitted; internal quotation marks omitted.) *Fernandez* v. *Commissioner of Correction*, 291 Conn. 830, 834–35, 970 A.2d 721 (2009).

I

The petitioner first claims that the court improperly concluded that he had failed to prove that his prior habeas counsel had provided ineffective assistance. He argues that his prior habeas counsel was ineffective because he failed to challenge the effectiveness of the petitioner's trial counsel for failing to move for a new trial on the basis of newly discovered postverdict alibi evidence. The respondent argues that the court properly rejected this claim on the ground that trial counsel could not have been ineffective for failing to file a motion for a new trial on the basis of newly discovered postverdict evidence because the trial court has no authority to hear such a motion at the time of the criminal trial. We agree with the respondent.

As we recently explained in *State* v. *Gonzalez*, 106 Conn. App. 238, 260–61, 941 A.2d 989, cert. denied, 287 Conn. 903, 947 A.2d 343 (2008), "the trial court lack[s] the authority to consider [a] defendant's [postverdict] motion for a new trial on the basis of newly discovered evidence. It is well established that to obtain a new trial on the ground of newly discovered evidence, a defendant must bring a petition under Practice Book § 42-55 . . . . Practice Book § 42-55 provides that [a] request for a new trial on the ground of newly discovered evidence shall be called a petition for a new trial and shall be brought in accordance with General Statutes § 52-270. . . . A petition for a new trial properly is instituted by a writ and complaint served on the adverse party; although such an action is collateral to the action in which a new trial is sought, it is by its nature a distinct proceeding. . . . [A] different standard of review applies in these two separate procedures for seeking a new trial. To obtain a new trial through a [Practice Book § 42-55] petition, a defendant must overcome a strict standard including a requirement that the newly discovered evidence be likely to produce

a different result in a new trial." (Internal quotation marks omitted.)

The petitioner argues that his trial counsel should have moved for a new trial on the basis of newly discovered postverdict alibi evidence and that his prior habeas counsel was ineffective for failing to raise this argument in the petitioner's previous habeas petition. He further argues that the habeas court improperly rejected this claim. In considering the petitioner's claim, the habeas court explained that at the time of a criminal trial, "a motion for a new trial [is] not a proper pleading" because a claim of this nature must be brought via a petition for a new trial. The petitioner argues that the court's distinction between the filing of a motion for a new trial and the filing of a petition for a new trial exalts form over substance because "[t]he name you put on the pleading is irrelevant." Accordingly, he argues, that the court improperly rejected the claim. We disagree.

Although the petitioner generally is correct in arguing that the name one places on a pleading "is irrelevant," it is not truly the name of the pleading that is relevant or irrelevant here; rather, it would be the procedure employed that would divest the court of the authority to consider the pleading. "[R]ecently, we reiterated the proper method to request a new trial on the basis of newly discovered evidence. There is a significant difference between Practice Book [§§ 42-53, 42-54 and 42-55]. Practice Book [§ 42-53] is concerned with motions for a new trial based on errors committed during the trial. . . . On the other hand, [§ 42-55] provides: A request for a new trial on the ground of newly discovered evidence shall be called a petition for a new trial and shall be brought in accordance with [General Statutes § 52-270]. . . . Practice Book § 42-53 provides for the granting of a motion for a new trial in the interests of justice, for constitutional error or for other materially

injurious error. A motion for a new trial under Practice Book [§ 42-53] is limited to trial errors, and cannot be based upon newly discovered evidence. . . . The defendant must bring a petition under [§ 42-55] if he wishes to seek a new trial based upon newly discovered evidence. . . . A petition for a new trial is instituted properly by a writ and complaint served on the adverse party; although such an action is collateral to the action in which a new trial is sought, it is by its nature a distinct proceeding. . . . Simply put, the distinction between a petition and a motion is not one of mere nomenclature." (Citations omitted; internal quotation marks omitted.) *State* v. *Gonzalez*, supra, 106 Conn. App. 261–62.

On the basis of this clear precedent, we conclude that the habeas court properly rejected the petitioner's claim that his prior habeas counsel was ineffective for failing to raise a claim that his trial counsel was ineffective for failing to file a motion for a new trial during the criminal proceedings.

II

The petitioner next claims that the habeas court improperly denied his request for a commission to depose the victim. He argues that at his prior habeas trial, he had produced credible evidence that "neither he nor the victim . . . were living in the house where the assaults were claimed to have taken place" at the time the victim claimed that she was assaulted and that when the victim's aunt and mother were called to testify at the prior habeas proceedings, they changed their stories and said the assaults occurred one year earlier. He argues that because of this testimony, his prior habeas counsel should have requested a continuance so that he could have investigated further and that counsel was ineffective for not doing so. He further argues that the court abused its discretion in not permitting him to depose the victim during this habeas proceeding to

see whether she would change her story.[2] The respondent argues that the court properly exercised its discretion in denying the petitioner's request. We agree with the respondent.

Practice Book § 23-39 provides: "(a) Upon leave of the judicial authority, the testimony of any person may be taken by deposition if the testimony will be required at an evidentiary hearing and it appears: (1) the testimony may not be available at the required evidentiary hearing because of physical or mental illness or infirmity of the witness; or (2) the witness resides out of this state and cannot be compelled to attend and give testimony; or (3) the witness may otherwise be unavailable to testify at the required evidentiary hearing. (b) The admissibility of deposition testimony shall be governed by the rules of evidence."

In this case, the petitioner filed a motion with the habeas court seeking permission to depose the victim in order to prove his claim of ineffective assistance of his prior habeas counsel. He argued that his counsel should have requested a continuance after the victim's family testified that the date of the assault may have been one year earlier than that charged. He then argued that he needed the deposition to establish the prejudice prong under *Strickland*. The court initially denied the

[2] The habeas court also found that this claim was related to the petitioner's claim of actual innocence. The court explained: "Unlike the [other claims related to his prior habeas counsel's] ineffectiveness, this claim does not allege that [his prior habeas counsel] was ineffective in prosecuting [the petitioner's trial attorney's] ineffectiveness. Nonetheless, because an ineffective assistance of habeas counsel petition necessarily attacks counsel's performance in affirmatively proving a cause of action—unlike an ineffectiveness assistance claim attacking criminal trial counsel, which attacks his role in a defensive posture—an ineffectiveness habeas counsel claim must relate to some specific count, cause of action, or other claim. In this case, the only habeas claim to which this allegation can relate is the actual innocence claim that [previous habeas counsel] alleged." See also footnote 1 of this opinion.

motion without prejudice, thereby allowing the petitioner to renew the motion at the time of trial if he made "a sufficient preliminary showing of deficient performance so as to justify consideration of the prejudice prong." After hearing further argument from the petitioner at trial, the court concluded that the petitioner had failed to prove that his counsel had provided deficient performance and, therefore, that proof of the prejudice prong was irrelevant. Accordingly, the court ruled that the victim's deposition was not required at the evidentiary hearing, and it denied the petitioner's motion. The court also explained additional reasons for its denial. It stated that the petitioner had admitted that he had no idea what the victim would say and that he made an inadequate offer of proof, and, additionally, it noted the importance of the need for finality of convictions and its concern in having the victim have to relive an upsetting or traumatic incident.

On appeal, the petitioner argues that the court abused its discretion in denying him a commission to depose the victim, but he does not challenge the court's conclusion that he failed to prove that his prior habeas counsel rendered deficient performance in not requesting a continuance to investigate further after the victim's family testified that the assaults of the victim occurred one year earlier than the dates for which the petitioner had been charged and convicted. In light of the court's unchallenged conclusion that the petitioner did not demonstrate deficient performance by his prior habeas counsel, we cannot conclude that the court improperly denied his motion for a commission to depose the victim in order to establish prejudice.

The judgment is affirmed.

In this opinion the other judges concurred.