******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# LENNARD TOCCALINE *v.* COMMISSIONER OF CORRECTION
## (AC 38415)

Lavine, Sheldon and Flynn, Js.

*Syllabus*

The petitioner filed a third amended petition for a writ of habeas corpus, claiming, inter alia, that he was actually innocent of the crimes of which he had been convicted, and that his rights to due process were violated as a result of the prosecutor's unknowing presentation of false testimony and alleged failure to disclose certain exculpatory evidence. The petitioner further claimed that he received ineffective assistance from his criminal trial counsel, from S, his counsel in his first habeas trial and first habeas appeal, and from P Co., his counsel in his second habeas trial. The first habeas court had rendered judgment granting the petition for a writ of habeas corpus as to certain of the petitioner's claims, but this court reversed that judgment on the ground that the habeas court did not use the proper standard for deciding ineffective assistance of counsel claims and directed the habeas court on remand to dismiss the petition. After a second habeas trial, the habeas court rendered judgment dismissing and denying certain of the petitioner's claims, and this court affirmed that judgment. Thereafter, the petitioner filed a third amended habeas petition, and the respondent Commissioner of Correction filed a motion to dismiss that petition. The habeas court granted the respondent's motion to dismiss and rendered judgment dismissing the third amended habeas petition, and, thereafter, denied the petition for certification to appeal, and the petitioner appealed to this court. *Held*:

1. The habeas court did not abuse its discretion in denying the petition for certification to appeal as to the petitioner's claim of actual innocence, that court having properly determined that the petitioner's actual innocence claim was barred by the doctrine of res judicata; the claim had been raised, litigated and decided on the merits in his first two habeas actions, the petitioner did not appeal from the rejection of that claim in either of those actions, and he conceded in the present appeal to this court that he did not have, and did not intend to present, any newly discovered evidence.

2. The habeas court did not abuse its discretion in denying the petition for certification to appeal as to the petitioner's claim that his rights to due process were violated when the prosecutor unknowingly presented false testimony: there was no Connecticut case that supported the proposition that the petitioner's due process rights could have been violated by the prosecutor's presentation of false testimony when the prosecutor neither knew nor should have known that the testimony was false, the issue has not been decided by the United States Supreme Court, and the claim would fail even under the more lenient approach that provides that due process is violated when the testimony is material and the court is left with a firm belief that, but for the perjured testimony, the petitioner most likely would not have been convicted, as the petitioner failed to show that absent the inaccurate testimony, there was a reasonable probability that he would not have been convicted in light of the other significant, incriminating evidence that had been presented against him.

3. Although the habeas court improperly dismissed the claim that S was ineffective as the petitioner's first habeas appellate counsel on the ground that it was successive, the court, nevertheless, did not abuse its discretion in denying the petition for certification to appeal on the alternative ground that the claim was without merit: the petitioner failed to show that S's performance was deficient for failing to move to have the first habeas court articulate its factual findings, as the petitioner did not allege which factual findings were absent or show that the first habeas court did not articulate the factual findings supporting its decision; moreover, although this court subsequently reversed the decision of the first habeas court, that reversal was not because the court's factual findings were insufficient or because the record was inadequate for review.

4. There was no merit to the petitioner's claim that the habeas court abused its discretion in denying the petition for certification to appeal as to his assertion that P Co. was ineffective in representing him in his second habeas trial, as the petitioner failed to show that P Co. was ineffective in failing to raise or adequately argue claims in counts one through six of his third amended habeas petition; the petitioner's claim in count one of actual innocence was successive, his claim in count two that the prosecutor violated his due process rights by failing to timely disclose a certain report had been fully litigated, and this court previously decided that any failure to disclose the report was harmless error, the assertion in count three that the prosecutor violated the petitioner's rights to due process by unknowingly presenting false testimony failed to state a claim on which relief could be granted, the petitioner's claims in counts four and five that his criminal trial counsel and S, as his first habeas counsel, rendered ineffective assistance were previously rejected by this court, and the petitioner could not show that he was prejudiced as a result of P Co.'s failure to allege that S was ineffective as appellate counsel in the first habeas appeal as alleged in count six, as the petitioner could not show that the outcome of his criminal trial would have been different in light of the incriminating evidence against him and the significant evidence supporting his guilt.

Argued May 16—officially released October 24, 2017

*Procedural History*

Amended petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland and tried to the court, *Fuger, J.*; judgment dismissing the petition; thereafter, the court denied the petition for certification to appeal, and the petitioner appealed to this court. *Appeal dismissed.*

*Andrew P. O'Shea*, for the appellant (petitioner).

*Marjorie Allen Dauster*, senior assistant state's attorney, with whom, on the brief, was *Michael J. Proto*, assistant state's attorney, for the appellee (respondent).

*Opinion*

LAVINE, J. The petition for a writ of habeas corpus at issue in the present appeal is the third filed by the petitioner, Lennard Toccaline. He appeals following the habeas court's denial of his petition for certification to appeal from the judgment of the habeas court granting the motion to dismiss filed by the respondent, the Commissioner of Correction. He claims that the habeas court abused its discretion by denying his petition for certification to appeal and improperly dismissed four counts of his third amended petition. We dismiss the appeal.

The following facts and lengthy procedural history are relevant to our resolution of the petitioner's appeal. In 1999, following a jury trial, the petitioner was convicted of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (2), sexual assault in the fourth degree in violation of General Statutes (Rev. to 1995) § 53a-73a (a) (1) (A), and three counts of risk of injury to a child in violation of General Statutes (Rev. to 1995) § 53-21 (2), as amended by No. 95-142, § 1, of the 1995 Public Acts. Subsequently, the trial court, *Sferrazza*, *J.*, found the petitioner guilty of being a persistent felony offender in violation of General Statutes (Rev. to 1995) § 53a-40 (a). The petitioner was sentenced to a total effective term of forty years imprisonment, execution suspended after twenty-five years, followed by ten years of probation.

In 2001, he appealed from his conviction,[1] and our Supreme Court set forth in detail the facts underlying his conviction. It explained that the petitioner, a thirty-five year old man, had engaged in three acts of sexual contact with MC, the twelve year old victim.[2] After MC told her mother about the sexual contact, the petitioner gave an incriminating statement to the police, which was read to the jury at trial. In the statement, the petitioner claimed that MC never objected to the contact and that the contact did not constitute sexual intercourse.[3] *State* v. *Toccaline*, 258 Conn. 542, 546–47, 783 A.2d 450 (2001) (*Toccaline I*). Our Supreme Court affirmed the petitioner's conviction because the claims were not reviewable[4] but noted that "the jury was presented with *significant evidence*, aside from the victim's testimony, that the sexual abuse had in fact occurred. For example, MC's physician testified that a physical examination revealed that MC had experienced vaginal penetration, which most likely was caused through sexual relations. . . . *Most importantly, the* [*petitioner's*] *own written statement corroborated much of what MC claimed to have occurred.*" (Emphasis added.) Id., 552 n.13.

In 2002, the petitioner filed his first petition for a writ of habeas corpus. He was represented by Attorney Conrad Ost Seifert in both his first habeas trial and his

subsequent habeas appeal. His amended first petition alleged: (1) eleven counts of ineffective assistance by his trial counsel, Attorney Mark C. Hauslaib; (2) ineffective assistance by his direct appellate counsel, Attorney Richard S. Cramer; and (3) factual innocence. Following a habeas trial, the habeas court, *Hon. Richard M. Rittenband*, judge trial referee, granted the petitioner's first petition on his claims of ineffective assistance by trial and direct appellate counsel. Judge Rittenband expressly rejected his actual innocence claim on the ground that his incriminating statement to the police made his claim meritless. *Toccaline* v. *Commissioner of Correction*, Superior Court, judicial district of Hartford, Docket No. CV-02-0814816S, 2002 WL 31304820, *1 (September 12, 2002) (*Toccaline II*), rev'd, 80 Conn. App. 792, 837 A.2d 849 (*Toccaline III*), cert. denied, 268 Conn. 907, 845 A.2d 413, cert. denied sub nom. *Toccaline* v. *Lantz*, 543 U.S. 854, 125 S. Ct. 301, 160 L. Ed. 2d 90 (2004).

The respondent appealed from Judge Rittenband's decision granting the habeas petition on the petitioner's claims of ineffective assistance by trial and direct appellate counsel, but the petitioner did not cross appeal as to the denial of his actual innocence claim. This court agreed with the respondent, reversing Judge Rittenband's decision on the petitioner's claims of ineffective assistance by trial and direct appellate counsel, and, accordingly, directed the habeas court on remand to dismiss the petition.[5] *Toccaline III*, supra, 80 Conn. App. 795, 820.

In 2008, the petitioner filed his second petition for a writ of habeas corpus. He was represented on the petition by the Pattis Law Firm. In his amended second petition, he alleged: (1) ineffective assistance by his habeas trial counsel, Seifert, during his first habeas trial, and (2) actual innocence. On June 29, 2008, the habeas court, *Schuman, J.*, granted the respondent's motion to dismiss the petitioner's actual innocence claim on the ground of res judicata. *Toccaline* v. *Warden*, Superior Court, judicial district of Tolland, Docket No. CV-05-4000344-S, 2008 WL 2796997, *1 n.2 (June 25, 2008) (*Toccaline IV*), aff'd, 119 Conn. App. 510, 987 A.2d 1097 (*Toccaline V*), cert. denied, 295 Conn. 921, 991 A.2d 566 (2010). After conducting a habeas trial, Judge Schuman denied the petitioner's ineffective assistance of habeas trial counsel claim. Id., *1. The petitioner appealed from Judge Schuman's decision denying his ineffective assistance of habeas trial counsel claim but did not challenge on appeal the dismissal of his actual innocence claim. *Toccaline V*, supra, 512 n.1. After certification to appeal was granted, this court affirmed the judgment on appeal. Id., 511–12.

In 2012, the petitioner filed his third petition for a writ a habeas corpus, which provides the basis of the present appeal. On March 10, 2015, represented by

Attorney Andrew P. O'Shea, he filed a second amended third petition, alleging: (1) actual innocence, (2) violation of his right to due process as a result of the prosecutor's failure to disclose material, exculpatory evidence during his criminal trial, (3) violation of his right to due process as a result of the prosecutor's unknowing presentation of false testimony during his criminal trial, (4) ineffective assistance from his criminal trial counsel, Hauslaib, (5) ineffective assistance from his first habeas trial counsel, Seifert, during his first habeas trial (*Toccaline II*), (6) ineffective assistance from his first habeas appellate counsel, Seifert, during his first habeas appeal (*Toccaline III*), and (7) ineffective assistance from his second habeas trial counsel, the Pattis Law Firm, during his second habeas trial (*Toccaline IV*). On April 24, 2015, the respondent filed his return, in which he denied the petitioner's claims and asserted special defenses. Thereafter, on May 28, 2015, he filed a motion to dismiss. On June 3, 2015, the petitioner filed a third amended petition, which is the operative petition in this appeal. On June 19, 2015, the petitioner objected to the respondent's motion to dismiss.

On June 23, 2015, the habeas court, *Fuger, J.*, held a hearing on the respondent's motion to dismiss. On August 21, 2015, the habeas court granted the respondent's motion to dismiss the petitioner's third amended petition. On August 25, 2015, the petitioner filed a petition for certification to appeal from the judgment, which the habeas court denied. This appeal followed. Additional facts will be set forth as necessary.

"Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on the merits. . . .

"To prove an abuse of discretion, the petitioner must demonstrate [1] that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; [2] that a court could resolve the issues [in a different manner]; or [3] that the questions are adequate to deserve encouragement to proceed further." (Internal quotation marks omitted.) *Kearney* v. *Commissioner of Correction*, 113 Conn. App. 223, 228, 965 A.2d 608 (2009); see also *Simms* v. *Warden*, supra, 230 Conn. 616, quoting *Lozada* v. *Deeds*, 498 U.S. 430, 432, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991). "In determining whether the habeas court abused its discretion in denying the petitioner's request for certification, we neces-

sarily must consider the merits of the petitioner's underlying claims to determine whether the habeas court reasonably determined that the petitioner's . . . claims satisfy one or more of the three criteria . . . . Absent such a showing by the petitioner, the judgment of the habeas court must be affirmed." (Internal quotation marks omitted.) *Mourning* v. *Commissioner of Correction*, 169 Conn. App. 444, 448, 150 A.3d 1166 (2016), cert. denied, 324 Conn. 908, 152 A.3d 1246 (2017).

"The conclusions reached by the [habeas] court in its decision to dismiss the habeas petition [on a motion to dismiss] are matters of law, subject to plenary review. . . . [W]here the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct . . . and whether they find support in the facts in the record." (Internal quotation marks omitted.) *Zollo* v. *Commissioner of Correction*, 133 Conn. App. 266, 276, 35 A.3d 337, cert. granted on other grounds, 304 Conn. 910, 39 A.3d 1120 (2012) (appeal dismissed May 1, 2013).

The petitioner claims that the habeas court improperly dismissed counts one, three, six, and seven of his third amended petition.[6] In determining whether the habeas court abused its discretion in denying the petition for certification to appeal, we must consider the merits of the petitioner's underlying claims to determine whether they satisfy one or more of the three *Simms* criteria set forth in *Kearney* and *Lozada*.

I

COUNT ONE

The petitioner claims that the habeas court abused its discretion when it denied his petition for certification to appeal from the dismissal of his actual innocence claim. We disagree.

In count one, the petitioner raised, for the third time, an actual innocence claim, arguing that he "did not have a full and fair opportunity to litigate this claim in any prior proceedings." The habeas court granted the respondent's motion to dismiss count one on the ground of res judicata.[7]

"The doctrine of res judicata provides that a former judgment serves as an absolute bar to a subsequent action involving any claims relating to such cause of action which were actually made or which might have been made. . . . Specifically, in the habeas context, in the interest of ensuring that no one is deprived of liberty in violation of his or her constitutional rights . . . the application of the doctrine of res judicata . . . [is limited] to claims that actually have been raised and litigated in an earlier proceeding. . . .

"[W]here successive petitions are premised on the same legal grounds and seek the same relief, the second

petition will not survive a motion to dismiss unless the petition is supported by allegations and facts not reasonably available to the petitioner at the time of the original petition." (Citations omitted; internal quotation marks omitted.) *Kearney* v. *Commissioner of Correction*, supra, 113 Conn. App. 233–35.

In the absence of any newly discovered evidence or allegations of new facts, we conclude that the habeas court properly determined that the petitioner's actual innocence claim was barred by the doctrine of res judicata. After conducting a full evidentiary hearing, Judge Rittenband found that the petitioner's actual innocence claim was meritless in light of the petitioner's inculpatory written statement to the police. *Toccaline II*, supra, 2002 WL 31304820, *16. Thus, the claim was previously raised, fully litigated, and decided on the merits. The petitioner did not file a cross appeal as to Judge Rittenband's decision rejecting that claim or appeal from Judge Schuman's dismissal of this claim on the ground that it was barred by the doctrine of res judicata. On appeal, the petitioner concedes that he did not have, and did not intend to present, any "newly discovered evidence."

Because the petitioner's claim has no merit, we conclude that the habeas court did not abuse its discretion in denying his petition for certification to appeal as to count one of his third amended petition.

## II

### COUNT THREE

The petitioner next claims that the habeas court abused its discretion in denying his petition for certification to appeal from the dismissal of his claim that his federal and state rights to due process were violated because of the prosecutor's unknowing presentation of false testimony at his criminal trial.[8] We disagree.

In count three, the petitioner alleged that the prosecutor "unknowingly presented the . . . false testimony" of MC, her aunt, and her mother[9] at his criminal trial.[10] The habeas court granted the respondent's motion to dismiss count three on the ground that the petitioner failed to state a claim upon which relief can be granted because "there is no established precedent in this state to support and grant habeas corpus relief as to count [three]."[11]

Our Supreme Court "has not yet addressed the question of whether the state's unknowing use of perjured testimony violates due process principles. . . . Although [a] majority of the federal circuit courts require a *knowing* use of perjured testimony by the prosecution to find a violation of due process . . . the United States Court of Appeals for the Second Circuit [in *Ortega* v. *Duncan*, 333 F.3d 102, 108 (2d Cir. 2003)] has held that, when false testimony is provided by a government witness without the prosecution's knowl-

edge, due process is violated . . . if the testimony was material and the court [is left] with a firm belief that but for the perjured testimony, the defendant would most likely not have been convicted." (Citations omitted; internal quotation marks omitted.) *Horn* v. *Commissioner of Correction*, 321 Conn. 767, 800–801, 138 A.3d 908 (2016).[12] "The United States Supreme Court has not addressed the issue." *Gould* v. *Commissioner of Correction*, 301 Conn. 544, 570 n.18, 22 A.3d 1196 (2011).

We conclude that the petitioner's claim fails for two reasons. First, there is no Connecticut case that supports the proposition that the petitioner's due process rights could have been violated by the prosecutor's presentation of false testimony when the prosecutor neither knew nor should have known that the testimony was false, and the issue has not yet been decided by the United States Supreme Court. Second, even under the more lenient approach taken by the Second Circuit in *Ortega*, his claim would still fail. The petitioner cannot show that absent the inaccurate testimony of MC, her mother, and her aunt, there is a reasonable probability that he would not have been convicted in light of the other significant, incriminating evidence presented against him, most notably his own admission that he had sexual contact with MC. See footnote 3 of this opinion; see also *Horn* v. *Commissioner of Correction*, supra, 321 Conn. 801–802 (reaching similar conclusion).

Because the claim has no substantive merit, we conclude that the habeas court did not abuse its discretion in denying his petition for certification to appeal as to count three of his third amended petition.

### III

### COUNT SIX

The petitioner next claims that the habeas court abused its discretion in denying his petition for certification to appeal from its dismissal of his claim that Seifert was ineffective in representing him in his first habeas appeal. The respondent concedes that the habeas court improperly dismissed count six on the ground that it was successive. We agree that the habeas court improperly concluded that the claim was successive. Nevertheless, we conclude that the habeas court did not abuse its discretion in denying certification to appeal on the alternative ground that the petitioner's claim is meritless.[13] We review the petitioner's claim solely to determine whether the habeas court abused its discretion in denying certification to appeal.

In count five of his third amended petition, the petitioner alleged that Seifert was ineffective in representing him in his first habeas trial before Judge Rittenband in *Toccaline II*, in part, because Seifert "failed to adequately motion for the habeas court to articulate its factual findings in support of its conclusion that trial counsel provided ineffective assistance to the petitioner

by: (i) failing to object to the improper bolstering of the complainant's credibility by state's witnesses; and, (ii) failing to present an adequate alibi defense."[14] The petitioner alleged in count six that Seifert was ineffective in representing the petitioner in appealing from Judge Rittenband's decision to this court in *Toccaline III* for the same reason articulated in count five.

The habeas court granted the respondent's motion to dismiss count six, stating that "the claim in count six is the same generic legal basis for the same relief asserted as a component of count five. . . . The ground—ineffective assistance by the identical attorney on appeal from the case in which he was habeas counsel—is indistinguishable. The petitioner merely reformulates a claim from count five in the context of count six. Additionally, any relief the petitioner would obtain as to the claims in counts five and six is identical (i.e., a new criminal trial) because he has to convince a habeas or appellate court that he has undermined the reliability of his conviction. The court, therefore, dismisses count six because it is successive, albeit because count six is an alternative way in which a part of count five is alleged. Practice Book § 23-29 (3) and (5)." (Citation omitted; internal quotation marks omitted.)

"The claim of ineffective assistance of habeas [appellate] counsel, when added to the claim of ineffective assistance of [habeas] trial counsel, results in a different issue. . . . A claim of ineffective assistance of counsel involving a habeas attorney is not subject to dismissal on the ground that an earlier habeas petition that was based on the ineffectiveness of trial counsel had been unsuccessful." (Citation omitted; internal quotation marks omitted.) *Johnson* v. *Commissioner of Correction*, 168 Conn. App. 294, 309–10, 145 A.3d 416, cert. denied, 323 Conn. 937, 151 A.3d 385 (2016).

The claim in count six—that Seifert was ineffective in representing the petitioner as his habeas appellate counsel—was not successive because the petitioner did not raise this claim in any prior proceeding. Moreover, the petitioner, who was then represented by the Pattis Law Firm, did not allege in his second petition that Seifert was ineffective at the first habeas trial on the ground that Seifert failed to move to have Judge Rittenband articulate his factual findings. Therefore, although we affirm the habeas court's denial of certification to appeal on an alternative ground, we conclude that the habeas court improperly concluded that count six was successive.

"In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary. . . .

"Our Supreme Court has adopted [the] two part analysis [set forth in *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)] in reviewing claims of ineffective assistance of appellate counsel. . . . To prevail on a claim of ineffective assistance of counsel, a petitioner must show (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the defense. . . . Because the petitioner must satisfy both prongs of the *Strickland* test to prevail on a habeas corpus petition, this court may dispose of the petitioner's claim if he fails to meet either prong. . . .

"Under the performance prong, [a] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . . [Although] an appellate advocate must provide effective assistance, he is not under an obligation to raise every conceivable issue. A brief that raises every colorable issue runs the risk of burying good arguments . . . in a verbal mound made up of strong and weak contentions. . . . [I]f the issues not raised by his appellate counsel lack merit, [the petitioner] cannot sustain even the first part of this dual burden since *the failure to pursue unmeritorious claims cannot be considered conduct falling below the level of reasonably competent representation*." (Citations omitted; emphasis added; footnote omitted; internal quotation marks omitted.) *Gray* v. *Commissioner of Correction*, 138 Conn. App. 171, 176–78, 50 A.3d 406, cert. denied, 307 Conn. 929, 55 A.3d 570 (2012).

On the basis of our review of the entire record, we conclude that the petitioner has failed to show that Seifert was ineffective during *Toccaline III* because he failed to show that Seifert's performance was deficient. In count six of the petitioner's third amended petition, he alleged that Seifert was ineffective in representing the petitioner in his first habeas appeal in *Toccaline III*, in that Seifert "was deficient because he failed to adequately motion for the habeas court to articulate its factual findings in support of its conclusion that trial counsel [Hauslaib] provided ineffective assistance to the petitioner by: (A) failing to object to the improper bolstering of the complainant's credibility by state's witnesses; and, (B) failing to present an adequate alibi defense." The petitioner has failed to show, or even assert, why an articulation by Judge Rittenband is required to resolve the issue on appeal.

Judge Rittenband, however, *fully articulated his decisions on both of these claims in Toccaline II* when he found that Hauslaib's representation of the petitioner was ineffective. In support of (A), Judge Rittenband found that Hauslaib was ineffective in failing to object to the questions posed to Elton Grunden, the state's expert who testified that it was "his opinion that the victim had suffered sexual abuse perpetrated by the

[petitioner]." *Toccaline II*, supra, 2002 WL 31304820, *2. Judge Rittenband also found Hauslaib ineffective for failing to object to the prosecutor's closing remarks pertaining to Grunden's testimony. Id., *4. In support of (B), Judge Rittenband gave a detailed explanation as to why Hauslaib was ineffective in failing to "present effectively an alibi defense and/or factually impossible defense for the petitioner to have committed the crimes alleged." Id., *6.

This court in *Toccaline III* subsequently reversed Judge Rittenband's decision. This reversal, however, was *not* on the ground that Judge Rittenband's factual findings were insufficient or that the record was inadequate for review. Rather, this court decided that Judge Rittenband did not use the proper standard for deciding ineffective assistance of counsel claims and that, when analyzed under the *Strickland* standard, the petitioner had failed to show that Hauslaib was ineffective because he failed to show either that Hauslaib rendered deficient performance or that he suffered prejudice because of Hauslaib's deficient performance. See *Toccaline III*, supra, 80 Conn. App. 800–17.

Because the petitioner has failed to show that Judge Rittenband did not articulate the factual findings supporting his decision or allege which factual findings were claimed to be absent, the petitioner's claim that Seifert was ineffective for failing to move to have Judge Rittenband articulate his factual findings is unpersuasive. Therefore, the petitioner's claim in count six is without merit, and, accordingly, we conclude that the habeas court did not abuse its discretion by denying certification to appeal as to count six of his third amended petition on an alternative legal ground than that relied upon by the habeas court.

IV

COUNT 7

The petitioner claims that the habeas court abused its discretion by denying his petition for certification to appeal from the dismissal of his claim that the Pattis Law Firm was ineffective in representing him in his second habeas trial in *Toccaline IV*. We disagree.

The petitioner alleged in count seven of his third amended petition that the Pattis Law Firm "was deficient because [it] failed to adequately plead, prove, and argue claims one through six of this third amended petition . . . ." The habeas court granted the respondent's motion to dismiss count seven "because the claim in count seven is premised on, and derivative of, the claims in counts one through six, which have been dismissed because they are either successive or barred by res judicata, or fail to state a claim upon which habeas corpus relief can be granted, [and, thus] the court dismisses count seven because it fails to state a claim upon which habeas corpus relief can be

granted . . . ."

"To succeed on a claim of ineffective assistance of counsel, a habeas petitioner must satisfy the two-pronged test articulated in *Strickland* v. *Washington*, [supra, 466 U.S. 687]. . . . That requires the petitioner to show (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the defense. . . .

"[When] applied to a claim of ineffective assistance of prior habeas counsel, the *Strickland* standard requires the petitioner to demonstrate that his prior habeas counsel's performance was ineffective and that this ineffectiveness prejudiced the petitioner's prior habeas proceeding. . . . [T]he petitioner will have to prove that one or both of the prior habeas counsel, in presenting his claims, was ineffective and that effective representation by habeas counsel establishes a reasonable probability that the habeas court would have found that he was entitled to reversal of the conviction and a new trial . . . . Therefore . . . a petitioner claiming ineffective assistance of habeas counsel on the basis of ineffective assistance of [trial] counsel must essentially satisfy *Strickland* twice: he must prove both (1) that his appointed habeas counsel was ineffective, and (2) that his [trial] counsel was ineffective. . . . We have characterized this burden as presenting a herculean task." (Citations omitted; internal quotation marks omitted.) *Mukhtaar* v. *Commissioner of Correction*, 158 Conn. App. 431, 437–39, 119 A.3d 607 (2015). "This standard holds a petitioner to a higher standard when claiming ineffective assistance of habeas counsel; it does not require this court to hear improperly raised issues." *Maldonado* v. *Commissioner of Correction*, 141 Conn. App. 455, 463, 62 A.3d 528, cert. denied, 308 Conn. 941, 66 A.3d 883 (2013). We conclude that the petitioner has not performed this herculean task.

A

The petitioner alleged that the Pattis Law Firm was ineffective in failing to adequately plead and prove count one, which was his actual innocence claim. As explained in part I of this opinion, the petitioner's actual innocence claim was fully litigated and decided on the merits. Judge Rittenband decided that with "the existence of the alleged confession, [and the] petitioner's written statement to the state police, this court cannot find by clear and convincing evidence that [the] petitioner is factually innocent." *Toccaline II*, supra, 2002 WL 31304820, *16. The petitioner did not file a cross appeal as to Judge Rittenband's decision on this claim or as to Judge Schuman's dismissal of this claim on the ground of res judicata. Therefore, the Pattis Law Firm could not be ineffective because the claim in count one was successive, and the petitioner cannot show prejudice.

## B

The petitioner alleged that the Pattis Law Firm was ineffective in failing to raise count two, in which the petitioner claimed that the prosecutor violated his federal and state constitutional rights to due process when the prosecutor "failed to timely disclose to the petitioner or his counsel a police report from March 30, 1998 . . . ." This claim was also fully litigated, and this court decided that the habeas court incorrectly found that the petitioner was prejudiced by the absence of the report. *Toccaline III*, supra, 80 Conn. App. 809. Therefore, the Pattis Law Firm could not be ineffective for failing to raise this claim because the claim in count two would have been successive, and the petitioner could not have been prejudiced by the failure to raise it.

## C

The petitioner alleged that the Pattis Law Firm was ineffective in failing to raise count three, in which the petitioner argued that the prosecutor violated his constitutional right to due process by unknowingly presenting false testimony. As noted in part II of this opinion, his claim is, and was at the time of the petitioner's criminal trial and subsequent appeals, unsupported by either Connecticut state or federal law. "[T]o perform effectively, counsel need not recognize and raise every conceivable constitutional claim"; *Ledbetter* v. *Commissioner of Correction*, 275 Conn. 451, 460, 880 A.2d 160 (2005), cert. denied sub nom. *Ledbetter* v. *Lantz*, 546 U.S. 1187, 126 S. Ct. 1368, 164 L. Ed. 2d 77 (2006); and "counsel's failure to advance novel legal theories or arguments does not constitute ineffective performance." Id., 461. Thus, the petitioner cannot show that the Pattis Law Firm's performance was deficient in failing to assert the claim in count three because the petitioner failed to state a claim upon which relief could be granted in count three.

## D

The petitioner alleged that the Pattis Law Firm was ineffective in failing to raise count four, in which the petitioner claimed that Hauslaib rendered ineffective assistance of trial counsel. All of these allegations were previously addressed and fully litigated in *Toccaline III*, and this court determined that either Hauslaib did not render deficient performance or that the petitioner was not prejudiced by any deficient performance.[15] See *Toccaline III*, supra, 80 Conn. App. 800–18. Therefore, the petitioner cannot show that the Pattis Law Firm was ineffective for failing to raise the claim in count four in his second habeas trial because the claim would have been successive, and the petitioner suffered no prejudice by the failure to raise it.

## E

The petitioner alleged that the Pattis Law Firm was

ineffective in failing to adequately argue count five, in which the petitioner claimed that Seifert was ineffective as his first habeas counsel. As with count four, Judge Schuman and this court previously found that Seifert was not ineffective, in particular, that Seifert was not ineffective for failing to raise a claim that Hauslaib was ineffective for failing to file a motion for a new trial during the criminal proceedings. *Toccaline IV*, supra, 2008 WL 2796997, *1–3; see also *Toccaline V*, supra, 119 Conn. App. 514–16.

Although the third claim of ineffective assistance of counsel was not raised in the second petition; see part III of this opinion; the petitioner could have brought this claim in his second habeas petition because there are no facts or allegations that were not previously available to him at the time the Pattis Law Firm filed the second petition. "[W]here successive petitions are premised on the same legal grounds and seek the same relief, the second petition will not survive a motion to dismiss unless the petition is supported by allegations and facts not reasonably available to the petitioner at the time of the original petition." (Internal quotation marks omitted.) *Maldonado* v. *Commissioner of Correction*, supra, 141 Conn. App. 462; see *Carpenter* v. *Commissioner of Correction*, 274 Conn. 834, 846, 878 A.2d 1088 (2005) ("a petitioner can abuse the writ by raising a claim in a subsequent petition that he could have raised in his first, regardless of whether the failure to raise it earlier stemmed from a deliberate choice" [quoting *McCleskey* v. *Zant*, 499 U.S. 467, 489, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991)]).

Because the claim in count five was successive, the petitioner cannot show that the Pattis Law Firm was ineffective in arguing this claim at his second habeas trial, for the petitioner could not have suffered prejudice due to counsel's failure to raise it.

F

Finally, the petitioner alleged that the Pattis Law Firm was ineffective in failing to raise count six, in which he alleged that Seibert was ineffective in representing him during his first habeas appeal. We conclude that the Pattis Law Firm was not ineffective for failing to argue this claim because the petitioner failed to show that he suffered prejudice.

First, as explained in part III of this opinion, the claim would have been meritless. Second, despite the lengthy history of litigation presented by this case, we cannot ignore our Supreme Court's conclusion in the petitioner's direct appeal in 2001. It noted the obvious fact that there was other "significant evidence"; *Toccaline I*, supra, 258 Conn. 552 n.13; that supported the petitioner's guilt, notably the testimony of MC's physician that MC suffered sexual trauma and the petitioner's own admission that he had had sexual contact with her. See

footnote 3 of this opinion; *Toccaline I*, supra, 547 n.7 and 552 n.13. In short, even if the petitioner could show that any one of his attorneys' performances was deficient, we conclude that the petitioner has failed to show that he suffered any prejudice because he cannot show that, in light of the incriminating evidence against him, the outcome of his criminal trial would have been different. See *Mukhtaar* v. *Commissioner of Correction*, supra, 158 Conn. App. 443–44.

Because the petitioner's claim has no merit, we conclude that the habeas court did not abuse its discretion in denying certification to appeal from the dismissal of count seven of his third amended petition. The petitioner has not shown that the issues are debatable among jurists of reason, that the court could resolve the issues in a different manner or that the questions are adequate to deserve encouragement to proceed further.

The appeal is dismissed.

In this opinion the other judges concurred.

[1] Our Supreme Court transferred the petitioner's appeal from this court pursuant to Practice Book § 65-4. *State* v. *Toccaline*, 258 Conn. 542, 545 n.5, 783 A.2d 450 (2001).

[2] In accordance with our policy of protecting the privacy interests of the victims of sexual abuse and the crime of risk of injury to a child, we decline to identify the victim or others through whom the victim's identity may be ascertained. See General Statutes § 54-86e.

[3] "The [petitioner's] statement provided in relevant part: On one occasion when [MC] was over she and I had been horsing around. . . . I recall that MC usually had worn either a halter top and shorts, a bathing suit or usually some other summer attire. During our horsing around I recall that I moved her T-shirt up exposing her mid section, put my mouth on her skin and blew onto her skin causing a fart like noise. . . . I may have put my mouth on her in the area of her breasts and if I hit any part of her breast it was by accident. [MC] had just begun to develop her breast[s] and my mouth never touched her nipples. . . . During the time when [MC] and I were horsing around [on the boat] I may have had an erection and [MC] may have grabbed my erection by accident. When she may have grabbed my erection she didn't make a big deal about it. I never asked [MC] to grab my erection. After [MC] grabbed my erection, she didn't make a big deal about it and I never mentioned this incident to anyone. . . . On one occasion, I recall being on my bed in the bedroom. . . . During our horsing around I ended up on top of her on the bed. Sometime during our horsing around she would sometime[s] get the advantage and end up on top of me. When I ended up on top of her I recall having her arms pinned up above her head holding her down. I was on top of her for just a couple of minutes and as I was on top of her she was moving around trying to get away. . . . While she was trying to get away her clothes were moving around. During the time I was on top of her when we were horsing around, it's possible that I became excited and got an erection. Being in the position that I was in on top of her she would have felt my erection in the area of her vagina. Due to the fact that we were both moving around she may have misunderstood that for sexual contact." (Internal quotation marks omitted.) *State* v. *Toccaline*, supra, 258 Conn. 547 n.7.

[4] The petitioner's claims on direct appeal were that "the trial court improperly permitted an expert witness to offer his opinion as to the credibility of the victim's claims of sexual assault by the [petitioner] and further, to testify regarding the guilt of the [petitioner]." *Toccaline I*, supra, 258 Conn. 543–44. Our Supreme Court concluded that "[a]lthough the trial court, upon proper objection by the [petitioner], would have been required to exclude this testimony, the presentation of [the expert's] statements to the jury in the absence of such an objection did not implicate a constitutional right or result in a fundamentally unfair trial." Id., 550–51. It also concluded that "the trial court's admission of [the expert's] testimony was not plain error. . . . [W]e see nothing in the record that leads us to conclude that the verdict

*constituted manifest injustice to the [petitioner] or will lead to diminished confidence in our judicial system.*" (Emphasis added.) Id., 553.

[5] This court found that Judge Rittenband (1) "improperly found trial counsel ineffective by failing to object to inappropriate testimony of the state's [expert witness]"; *Toccaline III*, supra, 80 Conn. App. 803; because Attorney Hauslaib's decision to not object to the testimony was a matter of trial strategy and that even if his performance in failing to object was deficient, the petitioner could not show that he suffered prejudice in light of the other " 'significant evidence' " of the petitioner's guilt; id.; (2) "improperly concluded that Hauslaib was ineffective for not requesting the sequestration of the [witnesses]" because his decision was a matter of trial strategy; id., 804; (3) "incorrectly concluded that it was ineffective for Hauslaib not to have objected to the prosecutor's closing remarks to the jury"; id., 805; regarding the expert's testimony because the testimony was already in evidence and, therefore, the prosecutor did not commit impropriety in commenting on the evidence; id., 806; (4) "incorrectly found that the petitioner was prejudiced by the absence of [a certain] police report"; id., 809; because the issue of the relationship between [another individual] and the victim was already "squarely before the jury"; id.; (5) "incorrectly found Hauslaib ineffective for failing to present an adequate alibi defense"; id.; because "[i]t is unreasonable to conclude that presented with the petitioner's inculpatory statement as well as the state's evidence in chief, the outcome of the trial could have been different had the petitioner been able to present further evidence concerning his whereabouts on certain dates not contained within the state's charging document or part of its case-in-chief"; id., 811; (6) "incorrectly granted the habeas petition on the ground that Hauslaib was ineffective for not having the petitioner testify at the suppression hearing concerning the petitioner's statement to the police"; id., 811–12; because the petitioner failed to show that he suffered prejudice; id., 813; (7) "incorrectly found Hauslaib ineffective for not having the petitioner testify at the criminal trial that he was innocent of the charges"; id., 814; because the decision was a matter of sound trial strategy; id., 815; (8) "incorrectly concluded that Hauslaib was ineffective for failing to investigate"; id.; because the record was clear that "the petitioner did not inform his trial counsel about"; id., 817; the existence of a potentially material witness until after the trial had ended; id., 816–17; (9) incorrectly found that Hauslaib was ineffective for not failing to file a motion for a new trial on the basis of newly discovered evidence because the petitioner failed to plead this claim in his petition; id., 817; and (10) "improperly ruled that the petitioner had established ineffective assistance of appellate counsel"; id., 818; because the prosecutor did not engage in impropriety, and, therefore, Cramer could not have been ineffective for failing to ask our Supreme Court to exercise its supervisory authority to review a prosecutorial impropriety claim. Id., 819.

[6] The petitioner has not challenged on appeal the habeas court's dismissal of counts two, four, and five of his third amended petition.

[7] The habeas court also concluded that count one failed because it was "successive [and] not premised on newly discovered evidence that was not reasonably available at any of the prior proceedings . . . ." We conclude that the habeas court did not abuse its discretion in dismissing count one on these grounds as well. See *Zollo* v. *Commissioner of Correction*, supra, 133 Conn. App. 279; *Weinberg* v. *Commissioner of Correction*, 112 Conn. App. 100, 119, 962 A.2d 155, cert. denied, 291 Conn. 904, 967 A.2d 1221 (2009).

[8] The petitioner does not argue that the prosecutor unknowingly presented *perjured* testimony. See *United States* v. *Monteleone*, 257 F.3d 210, 219 (2d Cir. 2001) ("[a] witness commits perjury if he gives false testimony concerning a material matter with the willful intent to provide false testimony, as distinguished from incorrect testimony resulting from confusion, mistake, or faulty memory"), cert. denied, 535 U.S. 1070, 122 S. Ct. 1946, 152 L. Ed. 2d 849 (2002). He also does not argue that the prosecutor *should have known* that the testimony of MC, her aunt and her mother was false. See *Adams* v. *Commissioner of Correction*, 309 Conn. 359, 371–72, 71 A.3d 512 (2013).

[9] MC's aunt and MC's mother testified at the petitioner's first habeas trial. Judge Rittenband found that, in light of the other potential alibi evidence the petitioner presented at the habeas trial, the testimony of MC, her mother, and her aunt at the petitioner's criminal trial was false with regard to the year in which the sexual assaults occurred. *Toccaline II*, supra, 2002 WL 31304820, *13–14.

[10] The respondent argues at length on appeal that the petitioner cannot overcome the defense of "procedural default." Although the respondent

asserted the affirmative defense of procedural default in his reply, he failed to assert it in his motion to dismiss. Therefore, we will not consider the respondent's argument.

[11] The habeas court also found that the petitioner failed to show prejudice as a result of any violation on the basis of this court's conclusion that the petitioner failed to show that he suffered prejudice as a result of Hauslaib's performance. We need not decide whether the habeas court properly relied on this court's analysis in rendering its decision.

[12] The Second Circuit held that the prosecutor unknowingly presented *perjured* testimony and that the jury would not have found the defendant guilty without the perjured testimony. *Ortega* v. *Duncan*, supra, 333 F.3d 108 n.3 and 109. It is unclear whether *Ortega* requires that a petitioner show that the testimony at issue was in fact perjured or only that it was false. In any event, the Second Circuit represents the minority viewpoint. See, e.g., *Killian* v. *Poole*, 282 F.3d 1204, 1208–1209 (9th Cir. 2002), cert. denied, 537 U.S. 1179, 123 S. Ct. 992, 154 L. Ed. 2d 927 (2003). The clear majority of jurisdictions require that a petitioner must prove that the prosecutor *knew or should have known* that the testimony at issue was false in order to establish a due process violation. See *Horn* v. *Commissioner of Correction*, supra, 321 Conn. 800–801; *Westberry* v. *Commissioner of Correction*, 169 Conn. App. 721, 735, 152 A.3d 87 (2016), cert. denied, 324 Conn. 914, 153 A.3d 1289 (2017).

[13] "That the court relied on a wrong theory does not render the judgment erroneous. We can sustain a right decision although it may have been placed on a wrong ground." (Internal quotation marks omitted.) *Tyson* v. *Commissioner of Correction*, 155 Conn. App. 96, 105 n.4, 109 A.3d 510, cert. denied, 315 Conn. 931, 110 A.3d 432 (2015).

[14] The petitioner alleged in count five that Seifert's performance "was deficient because: (A) he failed to adequately plead, prove, and argue claims one through four of this third amended petition for a writ of habeas corpus; (B) he failed to adequately create and preserve a record for review; and, (C) he failed to adequately motion for the habeas court to articulate its factual findings in support of its conclusion that trial counsel provided ineffective assistance to the petitioner by: (i) failing to object to the improper bolstering of the complainant's credibility by state's witnesses; and, (ii) failing to present an adequate alibi defense."

[15] To the extent that Hauslaib was deficient in failing to file a motion for a new trial after the jury returned its verdict, we conclude that the petitioner failed to show that he suffered any prejudice in light of the inculpatory statement he gave to the police admitting that he had had sexual contact with MC. See footnote 3 of this opinion; *Toccaline I*, supra, 258 Conn. 552 n.13.